JUSTINA SCHUEK, an infant, by her guardian, *vs.* JOHN HAGAR.

### December 27, 1877.

**Appeal Bond—Execution by Practicing Attorneys as Sureties.**—An appeal bond executed by two prosecuting attorneys as sureties is insufficient. The fourth district court rule, by which practicing attorneys are forbidden to execute such bonds as sureties, is a legitimate and wholesome exercise of the authority of the court to control and protect its attorneys.

**Motion for New Trial—Judgment Entered Pending Motion—Appeal from Subsequent Order Denying Motion.**—When, in an action tried by jury, a party, notwithstanding he has used due diligence, has been unable to prevent the entry of judgment before the determination of a pending motion for a new trial he is not deprived by such entry of his right of appeal from an order made after the entry of judgment denying his motion for a new trial.

**Guardian Ad Litem—Appointment not put in Issue by the Pleadings—Objection to Appointment.**—In an action brought by a guardian *ad litem*, the allegation in a complaint that the guardian has been duly appointed by the judge of the district court in which the action is brought, is not put in issue by an answer denying the allegations of the complaint. If such alleged appointment has not been duly made, or a person assumes to act as such guardian without any appointment, the better and more convenient practice is to take preliminary objection, by motion, before interposing an answer to the merits.

**Indecent Assaults upon Female—Evidence of Plaintiff's Conduct Towards Defendant during Period of Alleged Assaults.**—The complaint charges the defendant with wrongfully making divers assaults upon the plaintiff, and with violently seizing hold of and throwing her down on several occasions, and that on said several occasions he attempted to have, and · did have, carnal knowledge of her body. The action is brought to recover damages for the pain and injury thus occasioned. The plaintiff introduced evidence tending to sustain the allegations of the complaint, and it also appeared that defendant was plaintiff's step-father, and that she resided with him during the whole period when the alleged wrongs were charged to have been committed. *Held*, that it was error to exclude evidence offered by defendant to show that during the whole period of time during which it was claimed that the defendant was committing the wrongful acts complained of, the plaintiff's conduct towards defendant and her treatment of him was of the most friendly character, and that of affection and love for him.

**Same—Evidence of Chastity and Moral Character of Defendant.**—*Held, further,* that in an action of this kind evidence of the chastity and good moral character of the defendant is admissible.

**Credibility of Witness who Testifies Falsely to Material Fact.**—The credibility of a witness who knowingly testifies falsely as to one or more material facts is wholly a matter for the jury. They may believe or disbelieve his testimony as to other facts, according as they deem it worthy or unworthy of belief.

This action was brought in the district court for Goodhue county, to recover damages for divers assaults alleged to have been made upon the infant plaintiff. The action was brought

by a guardian *ad litem*, and tried by *Crosby*, J., and a jury. At the close of the trial the defendant requested the court to instruct the jury to find a verdict for the defendant, for the reason that the plaintiff had failed to establish the issue upon his part by the evidence given in said action. The court declined so to charge, and defendant excepted. The jury rendered a verdict for plaintiff and assessed her damages at $3,000. The defendant moved for a new trial, and while this motion was pending judgment was entered for plaintiff. The motion for a new trial was subsequently denied, and from this order the defendant appealed. The plaintiff moved in this court to dismiss the appeal.

*Doughty & Card*, for appellant.

*J C. McClure*, for respondent.

BERRY, J. 1. The plaintiff moves to dismiss the appeal upon two grounds. The first is that the appeal bond is insufficient, because executed by two practicing attorneys as sureties, in disregard of the fourth district court rule.

The defendant contends that, as the statute does not prohibit an attorney to become a surety, this rule is in derogation of the statute and therefore void. The statute is silent as to who shall and who shall not be a competent surety. But attorneys at law are officers of the court, which is therefore necessarily invested with general authority to control and protect them, so far as their professional character and duties, and their relations to suitors, to the court, and to the administration of justice, are concerned. The purpose and effect of the rule is to protect attorneys from the unreasonable importunities of clients, who, not satisfied with the faithful discharge of professional duty, insist that their attorneys shall become sureties for the result of litigation. To yield to their importunities is to assume pecuniary risks and losses which it is no part of the professional duty of an attorney to assume, and which he therefore ought not to assume. They are risks and losses, the assumption of which tends to make an attorney a *quasi* principal in litigation, rather than an offi-

cer of the court whose duty it is to act as a minister of jus-
tice.   See Sharswood's Legal Ethics (3d Ed.) 163–167.   Yet
the relations between attorney and client are often such that
the latter may well be said to possess an undue advantage
over the former—an advantage which not unfrequently puts
it in the virtual power of the client to compel his attorney to
assume the risks and losses spoken of.   Upon these consider-
ations we are of opinion that the rule in question is a legiti-
mate and wholesome exercise of the authority of a court to
control and protect its attorneys.

The motion to dismiss will therefore be granted upon the
first ground, unless the appellant file a new appeal bond, or it
be waived by the respondent.

2.  The other ground of the motion to dismiss is that the
appeal is taken from an order denying a new trial made after
the entry of final judgment.   The facts are that the motion
for a new trial was made before the entry of judgment, a stay
of proceedings being granted for the purposes of the motion;
that the stay being about to expire defendant applied for a
further stay until the decision of the motion; that his appli-
cation was denied, and thereupon judgment entered for the
plaintiff, while the motion for a new trial was pending and
undetermined.   After the entry of judgment the order was
made denying the motion for a new trial.   This order cannot
be reviewed upon an appeal from the judgment, and it is ap-
parent that no opportunity was afforded for appealing from it
before judgment.   Yet the statute expressly gives a right of
appeal from an order "refusing a new trial."   To preserve this
right of appeal we are of opinion that in an action tried by a
jury, when, as in the case at bar, a party, notwithstanding he
has used due diligence, has been unable to prevent the entry of
judgment before the determination of a pending motion for a
new trial, is not deprived by such entry of his right of ap-
peal from an order made after the entry of judgment deny-
ing his motion for a new trial.   Any other holding would
practically nullify the statute, and deprive a party of its

benefits without any fault on his part. This is as far as the exigencies of the present case require us to go. It follows that the second ground of the motion to dismiss is not well taken.

3. The plaintiff brings this action by a guardian *ad litem.* The complaint alleges the due appointment of the guardian *ad litem* by the judge of the district court in which the action is brought.

The answer denying the allegations of the complaint, the defendant insists that the effect of the denial is to traverse and put in issue the allegation of the guardian's appointment. We do not agree to this. By our statute (Gen. St. *c.* 66, § 30) the guardian *ad litem* is appointed by "the court in which the action is prosecuted, or by a judge thereof;" and the appointment is therefore properly of record in that court. In view of this fact, if an appointment has not been duly made, or if any person assumes to act as guardian without any appointment, we think the better and more convenient practice is to take preliminary objection by motion, before interposing an answer to the merits. Such an answer may well be taken as a concession that there is a plaintiff properly in court to be answered; or, in other words, in a case like this at bar that the guardian *ad litem,* by whom alone an infant plaintiff can properly appear, has been regularly appointed.

4. The complaint alleges that the defendant did "wrongfully, unlawfully and forcibly make divers assaults upon" the plaintiff, and did "on several occasions violently seize hold of * * and throw her down," and did "on said several occasions attempt to have, and actually did have, carnal knowledge of her body." For the pain and injury occasioned by the alleged wrongful acts this action is brought to recover damages. The plaintiff introduced evidence tending to sustain the allegations of her complaint, and it also appeared that the defendant was the plaintiff's step-father, and that she resided with him during the period when the alleged wrongs were charged to have been committed by him. The defendant offered to show,

"by legal and competent evidence," that during the whole period of time during which it is claimed that the defendant, by his improper conduct, was committing these assaults upon the said Justina Schuek, (the plaintiff,) and having connection with her, that her conduct towards the defendant, and her treatment of him, was of the most friendly character, and that of affection and love by Justina for the defendant." Upon plaintiff's objection the testimony thus offered was excluded. This was error. The testimony thus excluded bore directly upon the intrinsic probability of the truth or falsity of the charges contained in the complaint, and was therefore admissible. It was also admissible upon another ground. The testimony in the case as to the charges made in the complaint was directly contradictory—the plaintiff's testimony tending to show that the charges were true, that of the defendant that they were false. In these circumstances the testimony was admissible, within the principle of the rule laid down in *Schwerin* v. *De Graff*, 21 Minn. 354, and followed in *Miller* v. *Lamb*, 22 Minn. 43, as follows: That when the price of work is in issue, and there is no written contract, any evidence tending to show that the testimony of one party is more reasonable than that of the other is admissible.

5. The defendant offered evidence of his character for chastity, and evidence of his good moral character, but it was excluded by the court. This also was error. The charges against the defendant involved his moral delinquency. That a chaste man or a man of general good moral character would commit such acts as were charged upon him is improbable, because it is contrary to common experience. For its tendency to establish this improbability the evidence should have been received.

6. The defendant requested the court to instruct the jury that if they should find that any of the witnesses knowingly testified falsely to any material fact they must disregard the entire testimony of such witnesses. The court declined to give the request, but proceeded to instruct the jury that if a

witness upon the stand knowingly testifies falsely to any material fact, they were at liberty to disregard his entire testimony, unless he be corroborated by other witnesses. The instruction requested was properly refused.

The instruction given was not quite accurate. The true rule is that the credibility of a witness who knowingly testifies falsely as to one or more material facts is wholly a matter for the jury. They may believe or disbelieve his testimony as to other facts according as they deem it worthy or unworthy of belief. *State* v. *McCarty*, 17 Minn. 76.

The order denying a new trial is reversed, and a new trial directed.