JOHN A. RUSSELL *vs.* FRANK CHAMBERS.

July 17, 1883.

**Seduction—Evidence of Defendant's Subsequent Conduct.**—In an action for seduction, evidence of defendant's subsequent conduct in seeking to continue his illicit relations with the seduced person may be received as connected with and tending to corroborate the principal charge, and as matter of aggravation.

**Same—Suit by Father—Damages.**—And where a father brings an action for damages for the seduction of his minor daughter, to whose services he is entitled, evidence of her ill-health and depressed mental condition, resulting from the misconduct of the defendant, is proper.

**Same—Reduction of Damages—Gifts by Seducer.**—The defendant is not entitled to prove, in reduction of plaintiff's damages, the amount of payments or presents made to the daughter which have not been applied to the benefit of the plaintiff.

**Same—Exemplary Damages.**—In such case the jury may allow exemplary damages, and, in addition to the loss of services, may consider the parent's wounded feelings, mental suffering, and anxiety, and the dishonor to himself and family.

Plaintiff brought this action in the district court for Steele county, to recover damages for the seduction of his minor daughter, and, after a trial before *Buckham,* J., and a jury, had a verdict for $1,500. Defendant appeals from an order refusing a new trial.

*Amos Coggswell* and *Wheelock & Sperry,* for appellant.

*Burlingame & Crandall,* for respondent.

VANDERBURGH, J.  Action for seduction of plaintiff's minor daughter.  The facts set forth in the complaint are amply sufficient to constitute a cause of action in plaintiff's favor.  The action is brought

for the loss of service and other injuries resulting to him in consequence of the wrong complained of. The motion to dismiss for the insufficiency of the complaint was, therefore, properly denied.

The refusal of the court to strike out matter alleged to be redundant or irrelevant at the trial is not ground of exception. The motion for such relief should be made before answering.

The evidence offered of the conduct of the defendant subsequent to the alleged seduction and the birth of the child, and of the subsequent relations maintained between the parties, was properly received. It tended to corroborate the principal charge, and to show the extent of the injury wrought by his conduct; and was, also, proper as matter of aggravation. It was proper that the jury should be possessed of all the material facts showing the means used by defendant to effect his purpose, his subsequent conduct in seeking to continue his illicit relations, and to keep her under his control and influence, and away from her friends, and her consequent physical and mental condition. These all grew out of, and were connected with, the original wrong and injury complained of, and evidence thereof was properly received. As remarked by the court in *Thompson* v. *Clendening*, 1 Head, (Tenn.) 287, 295: "The whole of the defendant's intercourse with the person seduced, and all of the circumstances of the case, are to be regarded as an entire transaction; * * * as well in view of the question whether the defendant is the father of the child, as to show the extent of the injury in aggravation of the damages."

It is contended that the court erred in allowing evidence of the ill-health and depressed mental condition of the daughter, following her confinement, and for a year or two thereafter. There is undoubtedly danger in this class of cases of allowing evidence of this character, and of matters in aggravation, to take too wide a range, but we think the evidence in question was proper in this case. There was sufficient to show that her physical and mental condition was the result of defendant's misconduct; and apart from the consideration of the father's feelings and mental suffering, such evidence would tend to show that she was unfitted to fulfil the duties which her relation to him as his minor child entitled him to. He was entitled to her services, and it is clear, we think, that any disability to perform such services, caused

by the wrongful act of the defendant, might properly be considered as legitimate evidence, its weight being for the jury.   *Ingerson* v. *Miller*, 47 Barb. 47.   Some evidence of this character, extending to her condition after she became of age, was offered and received, but it was not objected to on the particular ground that she was then of age, and the attention of neither the court nor counsel seems to have been particularly called to the fact.   The evidence simply showed that her physical weakness and mental depression continued, and therefore tended to corroborate the prior evidence that her health had been previously seriously impaired.

It is no defence, in an action of this kind, that the defendant may have accompanied his solicitations with force in overcoming the resistance of the female; certainly not, where the evidence does not establish a case of rape.

Defendant offered to prove at the trial the amount of money he had furnished plaintiff's daughter from time to time.   The evidence was properly rejected.   There is nothing in the case to show that the same was in any way applied to plaintiff's benefit, or in reduction of any of his damages.   He makes no claim for special damages growing out of expenses incurred in her behalf for her sickness, or personal expenses, for which such money furnished by defendant, if any, may have been used; and any presents or payments made to her cannot be set up or claimed in mitigation of the damages to which plaintiff would be entitled, upon the evidence, in case he recovered at all.   *Sellars* v. *Kinder*, 1 Head, 133; *Pruitt* v. *Cox*, 21 Ind. 15.

As to the damages which the parent may recover, the loss of service is comparatively an unimportant part, and he is permitted to recover for his wounded feelings and sense of dishonor, loss of the society of a virtuous daughter, and, in short, "for all that a father can feel from the nature of the loss."   Addison on Torts, 1274, 1283.   And the damages may be exemplary.   *Fox* v. *Stevens*, 13 Minn. 252, (272.)

Order affirmed.