Eva Clapp, (formerly Morse,) Administratrix, *vs.* Minneapolis & St. Louis Railway Company.

December 19, 1884.

Practice—Granting New Trial.—An order granting a new trial, upon the ground that the verdict is not justified by the evidence, sustained, under the rule laid down in *Rheiner* v. *Stillwater, etc., Co.*, 29 Minn. 147.

Action for personal injuries brought in the district court for Freeborn county. Plaintiff had a verdict for $3,000, and appeals from an order by *Farmer*, J., granting a new trial. A former appeal in this action is reported as *Morse* v. *Minn. & St. L. Ry. Co.*, 30 Minn. 465.

*Gordon E. Cole* and *J. H. Parker*, for appellant.

*J. D. Springer*, for respondent.

*By the Court.* The issue tried before the jury was whether the ac-

cident to plaintiff's intestate was caused by the defendant's negligence in allowing a certain railroad switch to remain out of repair and in an unsafe condition. A new trial was granted by the court, on the sole ground that the verdict was not justified by the evidence. This was one of the statutory grounds on which the motion was made, and upon the record of the evidence on both sides we think the case is clearly within the rule laid down in *Rheiner* v. *Stillwater, etc., Co.,* 29 Minn. 147, in the application of which this court will not reverse the order of the trial court granting a new trial upon the evidence, (where it does not preponderate in favor of the verdict,) irrespective of the question whether there may or may not have been some evidence to support the verdict.

Order affirmed.