RUTH BINGHAM *vs.* DAVID BERNARD.

November 29, 1886.

**Evidence—Explanation of Written Admissions.**—A mere admission of a fact subsequently in issue, although made in writing by the party, may be contradicted or explained by his oral testimony.

**Instructions—Reputation as to Chastity.**—An instruction to a jury that evidence by competent witnesses that one's character for chastity had never been questioned, is the "very best" evidence that could be given concerning his reputation for chastity, *held* not erroneous.

*Same—Caution to Jury.*—A caution to the jury in the course of the charge, not to lose their heads, and return a verdict for a lady (the plaintiff) on general principles, *held* not erroneous.

The plaintiff brought this action in the district court for Olmsted county, to recover $10,000 damages for an alleged indecent assault by the defendant. At the trial, before *Start*, J., and a jury, the plaintiff having put in evidence as a part of her case a letter written by the defendant, the court allowed the defendant, against plaintiff's objection and exception, to explain the meaning of the letter. In the instructions to the jury, the court said that "the simple fact that the plaintiff is a young woman is no reason why the jury should be taken off their feet, lose their heads, and return a verdict for a lady, on general principles. I do not think you will· do it, and don't think juries of this county are made up of that class of men." Upon this the plaintiff bases her third assignment of error.

The jury found for the defendant, and the plaintiff appeals from the judgment.

*Chas. C. Willson,* for appellant.

*Kingsley & Shepherd* and *F. B. Kellogg,* for respondent.

DICKINSON, J. The first assignment of error is that the court erred in allowing the defendant to testify as to what he meant by certain language in a letter written by him to the plaintiff subsequent to the alleged assault, which letter had been put in evidence by the plaintiff. The passage to which the explanatory testimony of the witness was directed might be deemed to be an admission of an indecent assault upon the plaintiff. The rule relied upon by the appellant forbidding the introduction of oral evidence to vary the terms of written instruments has no application to the case. This writing did not embody a contract, nor any element of one. No principle of estoppel was applicable. The matter to which this testimony was directed was of no effect, unless as an admission by the defendant of a fact in issue. As a mere admission, it might be contradicted or explained by oral testimony. The evidence was therefore admissible. 2 Whart. Ev. § 1127, and cases cited; *State* v. *Mims,* 26 Minn. 183, 186–7, (2 N. W. Rep. 683–685.)

The defendant produced in evidence the testimony of several witnesses, who, being shown qualified to testify as to the defendant's reputation for chastity, testified that they had never heard anything against him or his character for chastity. In commenting upon this to the jury, the court, after referring to such evidence as being of a negative character, said: "This is proper evidence as to a person's character. Indeed, it is the very best evidence that could be given, especially on this question of chastity." The plaintiff assigns this as error, the objection being to the last sentence quoted. There was nothing in this remark to mislead the jury or prejudice the case of the plaintiff. The evidence referred to was only directed to the fact of the general *reputation* of the defendant for chastity. The case, as shown by the bill of exceptions, would have justified the court in going further, and saying to the jury that, if the witnesses who testified upon this point were worthy of belief, the defendant's good reputation for chastity was established, and was not disputed. Therefore, if it is not strictly true that proof that the character of a person in this respect had never been brought in question is the very best evidence of his reputation that could be given, the error was immaterial; but in the obvious meaning and effect of the remark we see no error. It may be conceded that, in a particular case, some circumstances,— some slander,—may have directed general attention and speech to the character of a person as respects chastity, and there may be a general expression of opinion in his favor, no one speaking to the contrary. Proof of such a reputation might be just as satisfactory as the negative reputation, so to speak, which generally attends the lives of virtuous men and women, but no more so. No reputation in respect to this virtue can be better than that which has never been brought in question or spoken against. The remark objected to could have no other effect or meaning in the minds of the jury than this. Upon this point see *State* v. *Lee*, 22 Minn. 407.

There was no error, and we discover no impropriety, in the remark to the jury embraced in the third assignment of error.

Judgment affirmed.