## WILLIAM HEIN v. EARL HOLDRIDGE.

January 18, 1900.

Nos. 11,756—(52).

**Seduction.**

In a civil action by a father for the seduction of his daughter, *held*:

**Charge to Jury.**

That it was not error for the trial court to refuse to instruct the jury that, to entitle the plaintiff to recover any damages beyond his actual money loss, it must appear that the debauchment of his daughter was accomplished by seductive arts.

**Evidence of Reputation for Chastity.**

That the court did err in excluding evidence offered by the defendant to show that his general reputation for chastity was good. Schuek v. Hagar, 24 Minn. 339, followed.

Action in the district court for Olmsted county to recover $5,031.50 damages for seduction of plaintiff's daughter. The case was tried before Snow, J., and a jury, which rendered a verdict in favor of plaintiff for $531; and from an order denying a motion for a new trial, defendant appealed. Reversed.

*James E. Bradford* and *Webber & Lees*, for appellant.

The action is statutory, and the statute should be given an interpretation consonant with the ordinary signification of language. The word "seduce," in this connection, is universally understood to imply enticement by some art, influence, promise, or deception. State v. Bierce, 27 Conn. 319; Croghan v. State, 22 Wis. 444; Abbott, Law Dict. "Seduction"; Hill's Code (Ore.) §§ 35, 36; Code Civ. Proc. (Cal.) § 375; Patterson v. Hayden, 17 Ore. 238. While seducing may include debauching, the injuries are distinct, and the rules of damages different. Only in cases of debauching with seduction are exemplary damages allowable. Smith v. Young, 26 Mo. App. 575; Hartman v. McCrary, 59 Mo. App. 571; McAulay v. Birkhead, 13 Ired. 28; Comer v. Taylor, 82 Mo. 341, 346; Grable v. Margrave, 3 Scam. 372; Rea v. Tucker, 51 Ill. 110; Morgan v. Ross, 74 Mo. 318.

Where there has been no seduction, recovery cannot be had by the father beyond loss of services and incidental expenses. 2 Sedgwick, Dam. 518; Simpson v. Grayson, 54 Ark. 404; Comer v. Taylor, supra; Hill v. Wilson, 8 Blackf. 123. See Bell v. Rinker, 29 Ind. 267; Wood v. State, 48 Ga. 192.

Evidence of defendant's reputation for chastity and good moral character was admissible. Schuek v. Hagar, 24 Minn. 339; Bingham v. Bernard, 36 Minn. 114. Fonda v. St. Paul C. Ry. Co., 71 Minn. 438, is distinguishable, since the motorman was not charged with a crime involving moral delinquency. Townsend v. Graves, 3 Paige, Ch. 453.

*H. A. Eckholdt*, for respondent.

It is not essential that the act was accomplished by seductive arts. Russell v. Chambers, 31 Minn. 54; Kennedy v. Shea, 110 Mass. 147; Lavery v. Crooke, 52 Wis. 612; Barbour v. Stephenson, 32 Fed. 66; White v. Murtland, 71 Ill. 250; Leucker v. Steilen, 89 Ill. 545; Fox v. Stevens, 13 Minn. 252 (272); Furman v. Applegate, 23 N. J. L. 28, 30; Marshall v. Taylor, 98 Cal. 55; Dalman v. Koning, 54 Mich. 320; Lawrence v. Spence, 99 N. Y. 669; Reed v. Williams, 5 Sneed, 580.

Defendant's character was not put in issue, nor impeached. Until attacked, he must rely on the general presumption of good character. Cochran v. Toher, 14 Minn. 293 (385); Lotto v. Davenport, 50 Minn. 99. Schuek v. Hagar, 24 Minn. 339, is contrary to the overwhelming weight of authority elsewhere, and should not be followed. 1 Jones, Ev. §§ 147–156; 3 Am. & Eng. Enc., 861, et seq.; Delvee v. Boardman, 20 Iowa, 446; McKern v. Calvert, 59 Mo. 243; Watson v. Watson, 53 Mich. 168; McAulay v. Birkhead, 13 Ired. 28; Pratt v. Andrews, 4 N. Y. 493. Schuek v. Hagar, supra, was not the law of this state when decided. Cochran v. Toher, supra. It has since been ignored by this court. Lotto v. Davenport, supra; Fonda v. St. Paul City Ry. Co., 71 Minn. 438. A party to a civil action can give evidence of good character only in answer to impeaching evidence. As to slander this rule applies. Hitchcock v. Moore, 70 Mich. 112; Rhodes v. Ijames, 7 Ala. 574; Miles v. Vanhorn, 17 Ind. 245; Cooper v. Phipps, 24 Ore. 357. Lotto v.

Davenport, supra. So in false imprisonment. Diers v. Mallon, 46 Neb. 121; Cochran v. Toher, supra. And in malicious prosecution. Fire Assn. v. Fleming, 78 Ga. 733. And in assault. Fahey v. Crotty, 63 Mich. 383. The same presumption applies to the character of the daughter seduced. Barbour v. Stephenson, supra; Cooper v. Phipps, supra; 5 Am. & Eng. Enc. 861, note 2; Id. (2d Ed.) 852, note 4.

Consent of the daughter is no defense. Barbour v. Stephenson, supra; McAulay v. Birkhead, supra.

START, C. J.

This is an action by a father for the alleged seduction of his daughter by the defendant. Verdict for the plaintiff in the sum of $531, and the defendant appealed from an order denying his motion for a new trial. The assignments of error present two general questions for our decision. They are:

1. Did the trial court err in refusing the defendant's request to instruct the jury that, to justify a verdict for the plaintiff, it must appear that the alleged debauching of his daughter was accomplished by some act, influence, promise, or deception naturally calculated to mislead a virtuous woman, and in instructing them that if the daughter was a virgin, and the defendant deflowered her, the plaintiff was entitled to a verdict? The evidence was such as to require the giving of the requested instruction, if it was a correct statement of the law as applied to a civil action by the father for the seduction of his daughter.

The contention of the defendant, briefly stated, is that this action is one given by statute (G. S. 1894, § 5163), and that the word "seduction," as therein used, is to be taken in the technical and limited sense in which it is used in penal statutes. This is not strictly a statutory action. It is a common-law action modified by statute. The only change made by the statute is to dispense with the necessity of proving loss of service,—a fiction invented to enable the father to recover damages for the shame and suffering brought upon him and his household by the debauching of his daughter. The injury to the father is, as stated by the learned trial judge:

"Not only    *    *    *    his subjection to material loss and ex-

pense, but it is the degradation of his daughter, and the consequent dishonor of himself and family. It is the conversion of the chaste child of his loins into what the world deems an unclean thing. It is a wounding of his paternal pride, and a forcing of grief and shame into his home and domestic circle. On principle, what matters it by what particular means this wrong was inflicted?"

Our statute, while dispensing with the fiction as to the loss of services by the father, uses the word "seduction," not in the sense in which it is used in penal statutes, but in the same sense as it was used in common-law actions by a father for the seduction of his daughter. In such actions "seduction" and "debauching" were used as substantially similar terms, and it was not important which word was used in the declaration. Nor were the special circumstances of the daughter's debauchment material to the father's cause of action, except as to the amount of his recovery. The adjudged cases are not uniform on the question here under consideration. But upon principle and authority we hold that, in an action under our statute by the father for the seduction of his daughter, it is not necessary to show that her debauchment was accomplished by seductive arts, in order to entitle him to damages, including those which are exemplary, in excess of his actual pecuniary loss. The age of the daughter, and the circumstances under which she was debauched, may aggravate or mitigate the damages to be awarded; but they do not afford any basis for limiting, as a matter of law, the father's damages to his actual money loss. Fox v. Stevens, 13 Minn. 252 (272); Russell v. Chambers, 31 Minn. 54, 16 N. W. 458; Stoudt v. Shepherd, 73 Mich. 588, 41 N. W. 696; McAulay v. Birkhead, 13 Ired. 28; Kennedy v. Shea, 110 Mass. 147; Barbour v. Stephenson, 32 Fed. 66; Lawrence v. Spence, 99 N. Y. 669, 670, 2 N. E. 145; White v. Murtland, 71 Ill. 250.

It follows that the trial court rightly refused the defendant's requested instruction, and correctly instructed the jury.

2. Did the trial court err in excluding evidence offered by the defendant to show that his general reputation for chastity was good? The only evidence as to the alleged acts of sexual intercourse between the defendant and the plaintiff's daughter was the testimony of the daughter and of the defendant. They flatly contradicted each other. The daughter, who was at that time a serv-

ant in the family of the defendant, testified to such acts, and that the defendant was the father of her illegitimate child. The defendant, who was a married man, positively denied her testimony. Thereupon the defendant offered to show, by witnesses who had known him from his birth, and lived near him, that his general reputation for chastity was good. The court excluded the evidence, and the defendant duly excepted. Was the ruling correct?

The charge against the defendant involved the commission of a crime by him, and, if this were a criminal case, it is certain that the excluded evidence would have been admissible. The accused in a criminal case, whether the charge be a felony or misdemeanor, may always prove his previous good character, of which his general reputation is evidence, as tending to disprove the commission of the offense; that is, as tending to show the improbability of a person of his previous character committing the act charged. The rule is not limited to cases where the probative force of the evidence against the accused is weak. There would seem to be no logical reason why the same rule should not apply to civil actions in which the defendant is charged with a crime. But the accepted general rule is that evidence of the general character of parties to civil actions, where character is not a part of the issue, is inadmissible. The rule seems to be one of practical convenience, for the purpose of avoiding the confusion of issues. 1 Greenleaf, Ev. (16th Ed.) § 14b, subd. 4. On principle, however, it would seem that there ought to be exceptions to this general rule. In this state, whatever may be the case in other jurisdictions, such exceptions are recognized.

Inasmuch as the general rule is not based upon any philosophical reason, but is merely one of convenience, it ought not to be applied to cases where justice to the defendant requires that the inconvenience arising from a confusion of the issues should be disregarded, and he be permitted to give evidence of his previous good character; or, in other words, such evidence ought to be received in a civil action when it is of a character to bring it within all of the reasons for admitting such evidence in criminal cases. Civil actions for an indecent assault, for seduction, and kindred cases, are of this character; for such cases are not infrequently mere speculative and blackmailing schemes. The consequences to the

defendant of a verdict against him in such a case are most serious, for the issue as to him involves his fortune, his honor, his family. From the very nature of the charge, it often happens that an innocent man can only meet the issue by a denial of the charge, and proof of his previous good character. Ought a defendant in such a case to be deprived of the right to lay before the jury evidence of his previous good character, because it will tend to confuse the issue, while a defendant in a case where the state charges him with a simple assault, involving no more serious consequences than the payment, perhaps, of a fine of five dollars, is accorded the absolute right to give such evidence? The question has been answered in the negative by this court. If evidence of the previous good character of a defendant is admissible in a civil action for an indecent assault, it necessarily follows that such evidence is admissible in a civil action for seduction, for the cases in this respect cannot be distinguished.

Now, in the case of Schuek v. Hagar, 24 Minn. 339, which was a civil action to recover damages for an indecent assault, the defendant offered evidence of his previous good character; and this court, reversing the trial court, held, without dissent, that such evidence was admissible. In the case of Bingham v. Bernard, 36 Minn. 114, 30 N. W. 404, which was a similar action, it was assumed by court and counsel that the rule of Schuek v. Hagar was correct, and evidence of defendant's good character was received without objection. If the doctrine of Schuek v. Hagar is to be adhered to, it necessarily follows that it is decisive of the question we are now considering, and that it was reversible error for the trial court to exclude the offered evidence.

But we are asked to overrule that case for the reason that it is opposed to the great weight of judicial opinion outside of our own state. That such is the case must be conceded. It is not, however, necessarily a reason for overruling the case. It has remained unchallenged for more than 22 years, and there is no reason to believe that it has not, in actual practice, proven a benefit, and not a hindrance, in the administration of justice in cases of the character suggested, and others where the alleged cause of action involved a charge of felony against the defendant. It therefore ought to be

adhered to on the ground of stare decisis, if for no other, and we so hold. We are also of the opinion that the doctrine of that case ought not to be extended to civil actions where the issue relates to a simple assault, or to the fraud, deceit, or negligence of the defendant, or to similar actions, for they are not within the reasons we have suggested for the admission of evidence of good character in exceptional civil actions. Our conclusion is that the trial court erred in ruling out the proffered evidence.

Order reversed, and a new trial granted.

COLLINS, J.

The universal rule is that the character of a party to a civil action is not admissible in evidence as tending to prove that he did not do the act in question. The nature of every transaction involved in such an action is to be determined by its own facts and circumstances, and not by the character of the parties. But this rule was departed from by this court, in 1877, in Schuek v. Hagar, 24 Minn. 339. And, to be consistent, the doctrine of that case should be applied whenever the charge made in a civil action imputes any kind of moral turpitude to a defendant, such as fraud or falsehood or kindred delinquencies; for, whenever the character of a defendant for fraudulent or deceitful practices or for truth or honesty is at issue, he, for the same reasons exactly, ought to be permitted to lay before the jury evidence of his previous good character, as tending to show that he was not morally delinquent, and not inclined to fraud or falsehood. This would be a departure from the well-settled rules of evidence not to be thought of, and yet, on principle, not a step in advance of, or materially different from, that laid down, without discussion and without citation of authority, in the Schuek case. I am convinced that the court was radically wrong in that case. But on the ground of stare decisis I concur in the main opinion. I am authorized to say that Justice BROWN coincides with these views.