TRUIE COLLISTER, APPELLEE, V. ARTHUR RITZHAUPT, APPELLANT.

FILED MARCH 20, 1909. No. 15,622.

1. **Bastards: INSTRUCTIONS: REVIEW.** Where testimony has been admitted on behalf of defendant in a bastardy case in violation of the rule that his reputation for chastity is not an issue, he cannot predicate error on a proper instruction to the jury to disregard it.

2. ——: ——: ——. Where the testimony adduced on both sides of a bastardy case has been fully submitted to the jury

by proper instructions, it is not error to refuse a requested instruction making prominent a circumstance relating to the period of gestation.

3. ———: COMPLAINT: WAIVER. In a bastardy case, a defendant who appears before a justice of the peace and enters into a recognizance ·to appear at the next term of the district court to answer the accusation against him, without objecting to the complaint, waives the objection that it fails to state the child, "if born alive, may be a bastard."

4. ———: ———: ———. A defendant who appears before the district court in a bastardy case and pleads not guilty to the charge, without objecting to the complaint, waives the objection that it fails to state the child, "if born alive, may be a bastard."

APPEAL from the district court for Frontier county: ROBERT C. ORR, JUDGE. *Affirmed.*

*L. M. Graham* and *Morlan, Ritchie & Wolff,* for appellant.

*J. L. White* and *E. P. Pyle, contra.*

ROSE, J.

Defendant was charged with the paternity of plaintiff's illegitimate child, a jury found him guilty, and the trial court directed him to pay for its support the sum of $1,500 in quarterly instalments of $25 each. From this judgment defendant appeals, and urges. the following grounds for reversal: (1) The verdict is not sustained by sufficient evidence; (2) the trial court erred in giving an instruction which directed the jury to disregard testimony in relation to defendant's chastity and virtue; (3) there was error in the failure of the court to give an instruction directing the attention of the jury to testimony relating to the period of gestation; (4) the complaint omits a statutory requirement.

1. Every syllable of testimony offered by both parties has been carefully examined and considered in connection with section 5, ch. 37, Comp. St. 1907, providing that in a case of this kind the jury, on behalf of defendant,

shall "take into consideration any want of credibility in the mother," and "any variations in her testimony before the justice and that before the jury." The result is that no reason exists for setting aside the verdict for insufficiency of evidence.

2. It is argued that the court erred in instructing the jury as follows: "The jury are instructed that some testimony has been introduced in regard to the character of the defendant for chastity and virtue. You are further instructed that the character and reputation of the defendant for chastity and virtue are not at issue in this case, and you will entirely disregard such testimony." This instruction was given to cure error in the admission of testimony on behalf of defendant, who undertook to prove by his landlady his reputation for chastity. When she was testifying as a witness for defendant, she was asked: "What, if anything, have you heard in regard to his being unchaste, or any claim of it, prior to this case?" Over the objection of plaintiff the court permitted the witness to answer this question in violation of the rule that the character and reputation of defendant for chastity and virtue are not in issue in a bastardy case. *Stoppert v. Nierle*, 45 Neb. 105; 5 Cyc. 602. The instruction is criticised because the court failed to limit its application to defendant's "previous" reputation for chastity, and because it permitted the jury to disregard proper evidence that defendant's conduct showed he was not on intimate relations with plaintiff. Defendant's questions on his own behalf brought out the only testimony relating to his reputation for chastity, and "such testimony" alone the jury were directed by the trial court to disregard. There was no direction to disregard testimony that the witnesses for defendant had observed no act showing his intimacy with plaintiff. As applied to the erroneously admitted evidence, the instruction correctly stated the rule. *Stoppert v. Nierle*, 45 Neb. 105. Having led the court into the error which the instruction was intended to correct, defendant is not in a situation to demand a reversal for mere

lack of refinement in a correct instruction to the jury to disregard the testimony improperly admitted in his favor. If an instruction more specific was desired, it should have been requested.

3. The third point argued is that the court erred in refusing to give the following instruction: "If you find from the evidence that the plaintiff was on or about September 2, 1907, delivered of a bastard child, as alleged, which is still alive, and if you find from the evidence that the probable period of gestation of this child differed from the length of time between the birth of the child and the date when the plaintiff testified the intercourse occurred, this is a circumstance to be considered by you in deciding whether the preponderance of the evidence is that the defendant is the father of the child." To show this instruction should have been given, it is asserted that the child was born 263 days after the time fixed by plaintiff in her testimony as the date of her first act of intercourse with defendant, and that the testimony of the physician who was present at the birth of the child showed the probable period of gestation was about 300 days. In this connection it is argued that the charge of bastardy creates in the minds of jurors a strong prejudice against defendant; that coition is necessarily secret, and that, owing to the sympathy of mankind for women in trouble, jurors are prone to listen to plaintiff alone and close their eyes to circumstances which discredit her story. For these reasons, it is said the court erred in refusing to give the instruction quoted. In the unhappy situation in which defendant describes himself as a suitor, the record shows the trial court repeatedly erred in admitting testimony in his favor, and gave among other instructions the following: "The court instructs the jury: The charge made against the defendant is, in its nature, one well calculated to create strong prejudice against the accused, and the attention of the jury is directed to the difficulty, growing out of the nature of the unusual circumstances connected with the commission of such an offense, in de-

fending against the accusation." The whole case was submitted to the jury by instructions favorable to defendant. The physician testified, in substance, that the normal period of gestation was 280 days; that for healthy, vigorous children the longest period was about 320 days, and the shortest about 210 days; and that, from his examination of plaintiff's child, he thought the period of gestation was about 300 days. The latter statement, indefinite as it is, was qualified still further by other testimony of the witness. In answer to the question, "As a physician, can you tell about the period of gestation upon examining the child after its birth?" he replied: "You can in some cases, if you have a good history of the case." The record contains evidence on behalf of plaintiff to sustain a finding that the child was born 277 days after the first act of coition between the parties to this suit. The jury were duly cautioned by instructions to consider the credibility and interest of the witnesses, and were often reminded that the burden of proof was on plaintiff to establish her complaint by a preponderance of the evidence. The testimony was easily understood by the jury, and the special reference to the particular circumstance singled out and made prominent by the instruction was not essential to defendant's rights. The record shows that he had a fair trial without the requested instruction, and there was no error in refusing to give it.

4. The last point presented is: "The complaint does not state facts sufficient to constitute a cause of action against the defendant and does not state facts sufficient to give the court jurisdiction." This question was raised for the first time in the district court by an oral objection to the introduction of evidence. It is based on the failure of plaintiff to insert in the complaint before the justice of the peace the words of the statute that the child "if born alive, may be a bastard." The prosecution is a civil proceeding. *Cottrell v. State*, 9 Neb. 125; *Kremling v. Lallman*, 16 Neb. 280; *Strickler v. Grass*, 32 Neb. 811; *In re Walker*, 61 Neb. 803. In this state rights conferred by

statute upon defendant in a bastardy proceeding may be waived by him. *Strickler v. Grass,* 32 Neb. 811. Irregularities in the preliminary steps may be waived by defendant the same as in other civil cases. *Strickler v. Grass,* 32 Neb. 811; *Rose v. People,* 81 Ill. App. 128, 5 Cyc. 665. The transcript shows that defendant appeared before the justice of the peace, and entered into a recognizance to appear at the next term of the district court to answer the accusation against him, and was released from custody thereunder. This was a waiver of any defect in the information, since, without objection thereto, he obligated himself to answer the accusation in the district court. *Cook v. People,* 51 Ill. 143; *Collins v. Conners,* 81 Mass. 49. Defects in the information having been waived, the filing of the transcript gave the district court jurisdiction. *Altschuler v. Algaza,* 16 Neb. 631.

The record further shows that defendant October 8, 1907, after the child had been "born alive," and when it was "a bastard," appeared in the district court pursuant to his recognizance, and, "being asked by the court whether he is guilty or not guilty of the *offense charged,* answered, 'Not guilty,' which plea was entered on the complaint." The plea of not guilty was entered without objection to the sufficiency of the complaint, and at the trial thereunder it was conclusively shown that the child was "born alive" and was "a bastard." Objections to the complaint were waived by defendant. *State v. Johnson,* 89 Ia. 1; 5 Cyc. 665. It is therefore unnecessary to consider the merits of the objection that the complaint omits a statutory requirement.

There is no error in the record of which defendant can complain, and the judgment is

AFFIRMED.