## AGNES B. NICKOLAY v. ROBERT ORR.[1]

May 9, 1919.

No. 21,183.

**Verdict sustained by evidence.**

1. The evidence sustains the verdict.

**Witness — cross-examination of hostile party — evidence of character.**

2. In an action for indecent assault, plaintiff may not, before offering proof of the attack upon her, inquire of defendant, when called for cross-examination under the statute, as to his conduct towards others; and the offer, then made, to show defendant's bad character was properly rejected. In such an action, while a defendant may give proof of his good character, his character is not an issue and not subject to direct attack, unless defendant introduces proof of good character.

**Charge to jury.**

3. The instruction in respect to complaints made by plaintiff of the alleged mistreatment was proper.

**Same.**

4. So also was the charge in relation to defendant's omission to offer evidence of good character.

**Punitive damages — harmless error.**

5. The verdict being for defendant no reversible error could result from the refusal to permit the jury to consider punitive damages.

Action in the district court for Ramsey county to recover $5,000 for assault. The case was tried before Tifft, J., and a jury which returned a verdict for defendant. From an order denying her motion for a new trial, plaintiff appealed. Affirmed.

[1]Reported in 172 N. W. 222.

*H. A. Loughran,* for appellant.
*George F. Sullivan* and *W. C.* and *W. F. Odell,* for respondent.

HOLT, J.

Action for indecent assault, in which defendant had a verdict. Plaintiff appeals from the order denying a new trial. Plaintiff testified to matters which, if true, would warrant awarding both compensatory and punitive damages. Defendant denied all wrongdoing. Circumstances corroborated defendant's testimony and discredited plaintiff's. No useful purpose will be served by detailing the evidence. A perusal thereof creates no doubt of the justice of the verdict. It remains to determine whether any errors were committed that will necessitate a new trial.

The assignments of error as to rulings during the trial call for the consideration of one matter only. The first witness called by plaintiff was defendant. Cross-examined under the statute, he was asked whether he had any difficulty or trouble in New Prague, and whether he knew Pauline Novotny. Objections thereto were sustained. Thereupon plaintiff's counsel said: "We offer to show by competent witnesses that the defendant has not a good reputation in that community and has on other occasions attempted to assault other girls and women." The court sustained the objection to the offer. So far as the questions and offer relate to specific occurrences, wholly disconnected with the one' charged, there can be no doubt of the correctness of the ruling. In Dennis v. Johnson, 47 Minn. 56, 49 N. W. 383, where dishonesty of plaintiff was a direct issue, it was held that specific acts of dishonesty, not pleaded, are not admissible in evidence as proof of a general reputation for dishonesty. Miller v. Curtis, 158 Mass. 127, 32 N. E. 1039, 35 Am. St. 469; Gore v. Curtis, 81 Me. 403, 17 Atl. 314, 10 Am. St. 265. We have been referred to no authority, and have found none, that holds or intimates it proper in a civil case to attack the character or reputation of one accused of wrongdoing by proof of prior acts of like wrongs to others. And certainly the mere attempt to inquire about wrongful conduct towards others, before plaintiff has offered the slightest proof of the wrong upon which she sues, must be regarded as highly prejudicial to defendant's right to a fair trial.

This court by the rule of stare decisis is committed to the doctrine

that in actions involving moral turpitude a defendant may prove his good character. Schuek v. Hagar, 24 Minn. 339; Hein v. Holdridge, 78 Minn. 468, 81 N. W. 522; Campbell v. Aarstad, 124 Minn. 284, 144 N. W. 956. The general rule is, that evidence as to the standing and character of the parties to a civil action is not admissible; and there should be no attempt to extend the exceptions referred to in the Schuek case. It is to be noted that the cases cited went no further than to hold that, when a defendant in a civil action is charged with a wrong involving moral turpitude, he may in defense offer evidence of his good character. In other words, when the plaintiff introduces evidence to prove a cause of action growing out of a depraved act of the defendant he may prove good character in corroboration of the denial of the act. But we know of no case where one party has been permitted to attack his adversary's character before introducing proof of his cause of action or defense, unless character be a direct issue, as, for instance, the character of a plaintiff in a seduction case brought by the seduced, or like the instant case, or a libel or slander case like Dennis v. Johnson, supra, in which cases the defendant may prove the bad character of the plaintiff in mitigation of damages. 10 R. C. L. Evidence, §§ 117, 118, pp. 947-949. We have noticed but one case where character was attacked in the manner here attempted, and it did not meet with success. In Crose v. Rutledge, 81 Ill. 266, an action for criminal conversation, it was held error to permit plaintiff to "give in evidence the general character of the defendant for chastity, as evidence in chief and in the first instance." That a plaintiff, in a civil action grounded upon a defendant's depraved or criminal act, cannot, as part of his case in chief, offer evidence of defendant's bad reputation was also held in Townsend v. Graves, 3 Paige Ch. (N. Y.) 453. Plaintiff cites Stone v. Hawkeye Ins. Co. 68 Iowa, 737, 28 N. W. 47, 56 Am. Rep. 870, as authority for the proposition that in actions for damages for criminal conversation and seduction the character of the party is the very matter in issue. However, as above stated, the character of the plaintiff is a direct issue in such actions on the question of damages, and in mitigation thereof defendant may, in the first instance, attack plaintiff's character. But in such cases defendant's character is not an issue, and is not subject to attack from plaintiff, unless defendant first offers evidence thereof to rebut the inference of guilt

made by plaintiff's proof. The calling of a defendant for cross-examination, and his denial, when interrogated by plaintiff, of the act laid at his door, is not an offer of evidence by him of good character so as to open the way for plaintiff to attack it. The statute giving a party the right to call his adversary for cross-examination was never intended for so unfair a use.

Exception is taken to an instruction relating to the bearing of the testimony touching plaintiff's complaint to others of defendant's alleged assault. The first part of the instruction is somewhat general and refers, in an illustrative manner, to the reasons for the rule the court was about to give, and must have been so understood by the jury. The pith of the instruction as applied to the case in hand is found in this sentence: "So that the fact whether or not plainitff made complaint to her husband and others to whom she might be expected to make complaint, within such time as would under the circumstances be reasonable, is important for your consideration in determining whether or not her story is true." Considering that evidence upon this phase of the case inadmissible and to be treated the same as if the charge were criminal, as held in Gardner v. Kellogg, 23 Minn. 463, we think the instruction proper.

Defendant did not call any witness as to his own good reputation, as he might have done under the rule in Schuek v. Hagar, supra. Plaintiff evidently made the most of defendant's omission in this respect, for the court said to the jury: "I desire to call your attention to the fact that the law presumes the defendant to be of good reputation and character and the defendant has the right to rest and rely upon such presumption of law, and is not obliged to fortify such presumption by the testimony of any witness." The instruction was pertinent and we think correct.

Conceding it error to refuse to let the jury pass upon plaintiff's right to punitive damages, the error was without prejudice, for the jury having found for defendant there was no occasion to consider any sort of damages.

The charge upon the burden of proof appears to us clear and sufficiently amplified. But if plaintiff desired more in that line, a request should have been made before the jury retired.

Order affirmed.