AGNES D. RENNIE v. SKELLETT COMPANY.
WILLIAM J. RENNIE v. SKELLETT COMPANY.[1]

December 30, 1921.

Nos. 22,455, 22,454.

Assault and battery—evidence of good reputation inadmissible—prejudicial error.

1. Evidence of the good reputation of the defendant in a civil action for damages for assault and battery is not admissible. The presumption that error in the trial of an action is prejudicial is not absolute. Prejudice in fact must appear where the error relates to the admission of evidence.

New trial because of omission to charge jury—failure to request instruction.

2. The failure to instruct the jury as to the burden of proof on a particular phase of a case is not ground for a new trial in the absence of a timely request for such instruction.

Refusal to give instruction.

3. Error cannot be predicated on a refusal to give an instruction based on evidence of a state of facts which the jury must have found to be non-existent in order to arrive at the verdict they returned.

Two actions in the district court for Hennepin county, one by the wife to recover $15,000 for assault and battery and the other by the husband to recover $5,250 for medical treatment and loss of companionship and services of his wife. The answers alleged that "in resisting the parties engaged in moving said furniture plaintiff's wife violently assaulted the persons engaged by the said Allison to do said moving; that she scratched the face and pulled the nose of one of said persons; that she dug her finger nails into one of his hands with such force and fury that said hand bled profusely and had to be bandaged. That said resistance and assault was malicious and without cause or excuse." The cases were tried together before Molyneaux, J., and a jury which returned a verdict in favor of

[1]Reported in 186 N. W. 130.

defendant in each case.  From orders denying their motions for new trials, plaintiffs took separate appeals.  Affirmed.

*Dille, Hoke, Krause & Faegre,* for appellants.

*Einar Hoidale,* for respondent.

LEES, C.

These two cases grew out of an alleged assault and battery committed by defendant's employes on Agnes D. Rennie, the plaintiff in one of the actions.  Her husband, William J. Rennie, is plaintiff in the other.  The cases were tried together and resulted in verdicts for the defendant.  Motions for a new trial were denied and plaintiffs separately appealed.

Plaintiffs occupied the first floor of a dwelling house they owned. Defendant was engaged to move household furniture from the second floor, which was leased to a tenant to whom the furniture belonged.  Defendant sent two of its employes to do the moving.  Mrs. Rennie testified that, while they were moving the furniture, one of them, a man named La Favor, assaulted her.  Her testimony was corroborated to some extent by her daughter.  La Favor denied the charge, claiming that Mrs. Rennie assaulted him, and was corroborated to some extent by his companion and by the tenant.

The complaint alleged that the assault was committed intentionally and the case was tried and submitted to the jury on that theory.  The evidence, though not particularly convincing, was sufficient to support a finding that an intentional assault was committed.  It tended to show that the trouble arose because the furniture was being carried down the front stairway in the house and Mrs. Rennie feared the walls might be marred.  She insisted that the furniture should be carried down the back stairway.  The men doing the moving insisted that it was impossible to take the larger articles down that way.  At that stage of the controversy the tenant engaged in it and there was a prolonged and angry discussion between him and Mrs. Rennie, while defendant's employes awaited the decision of the question.  The upshot was that the tenant directed the men to take certain pieces of furniture down the front way despite Mrs. Rennie's protests.  She planted herself in the men's

way to oppose their exit from the stairway with the furniture, and succeeded in stopping them. There was more jangling and then, according to Mrs. Rennie's testimony, the tenant ordered the men to go on and "knock her out of the way." The men had a heavy buffet and started to go ahead with it. Mrs. Rennie turned to go down the steps leading from the doorway to the ground, and testified that as she stood on the top step with her back towards La Favor, who was leading the way with the buffet, he knocked her down the steps. Her version of the affair was as follows:

"I don't know whether he used his hands or fist or what. * * * It was the man that pushed me in some way, with his hands or elbows, or what, but he pushed me down the front steps."

In cross-examination she testified that her tenant and the men asked her to get out of the way, but she refused. Asked whether she saw La Favor strike her, she answered:

"I didn't see him exactly hit me, but I could feel him, and I know he was right near me. * * * It felt like a fist. * * * A blow."

Her daughter testified that the men bumped her mother so she fell down the steps; that she did not know whether the man in front struck her with his hand or elbow, but knew he shoved her; that he set down the front end of the buffet and had his arms in front of him, but she could not see his hands or elbows, but did see her mother fall down the steps.

1. Two of defendant's officers were permitted to testify, against plaintiff's objection, that La Favor bore the reputation of being a peaceable and law-abiding man. The reception of this evidence is assigned as error.

The rule in this state is that in a civil action for damages, where the charge against the defendant involves his moral delinquency, evidence of his good reputation may be received. The cases which so hold are Schuek v. Hagar, 24 Minn. 339, and Bingham v. Bernard, 36 Minn. 114, 30 N. W. 404, in which the charge was an indecent assault, and Hein v. Holdridge, 78 Minn. 468, 81 N. W. 522, in which seduction was charged. In the Hein case it was expressly

stated that the doctrine under which such evidence is allowed should not be extended to civil cases where the issue relates to a simple assault. This statement was repeated in Campbell v. Aarstad, 124 Minn. 284, 144 N. W. 956, and there was further reference to the proper limitations of the doctrine in Nickolay v. Orr, 142 Minn. 346, 172 N. W. 222. Under these rulings and according to the current of opinion, the evidence should not have been received. If the plaintiffs were prejudiced by its reception, there should be a new trial. The presumption that error in the trial of an action is prejudicial is not absolute. Prejudice in fact must appear before a reversal will be ordered, where the error relates to the admission of evidence. In determining whether it is probable that the result of the trial was affected by the erroneous admission of evidence, practical rather than theoretical considerations and the experience gained as practicing lawyers and trial judges guide the court. Moe v. Paulson, 128 Minn. 277, 150 N. W. 914; Salo v. Duluth & I. R. R. Co. 121 Minn. 78, 140 N. W. 188. There was no presumption that LaFavor was not a peaceable and law-abiding man. The presumption is the other way. Fahey v. Crotty, 63 Mich 383.

Cases may be found in which a reversal was ordered for the improper admission of character evidence in civil actions. Fahey v. Crotty, supra; Pokriefka v. Mackurat, 91 Mich. 399; Gough v. St. John, 16 Wend (N. Y.) 645; Leinkauf v. Brinker, 62 Miss. 255; Simpson v. Westenberger, 28 Kan. 756. Except in the last case cited, the question of the prejudicial effect of the erroneous admission of such evidence is not discussed. We can conceive of a case where evidence of the good reputation of the defendant might turn the scale in his favor and a reversal would, therefore, be demanded. The facts and circumstances in another case might be such that the verdict could not well have been different if such evidence had not been received. Here Mrs. Rennie went upon her tenant's premises and interfered with the men he had employed to move his furniture. Neither she nor her daughter saw La Favor strike her. The testimony as to La Favor's good character came from two of defendant's officers who were interested witnesses. When we take these circumstances into consideration, we cannot think that the verdict

was appreciably influenced by the character evidence, and, therefore, hold that prejudice in fact does not appear to have resulted from its admission.

2. The jury were instructed that, if the evidence on any question was evenly balanced, they should determine that question in defendant's favor, because the burden of proving a cause of action rested upon the plaintiffs. This is assigned as error on the ground that, if Mrs. Rennie was a trespasser and defendant's employes used force in getting her out of their way as they were moving the furniture, the burden of proof was on the defendant to show that no more force was used than was reasonably necessary. Plaintiffs did not request an instruction covering the point and took no exception to the charge in this respect. The failure to give a specific instruction on this phase of the case, in the absence of a timely request therefor, is not ground for a new trial. Clapp v. Minneapolis & St. L. Ry. Co. 36 Minn. 22, 21 N. W. 844; State v. Sailor, 130 Minn. 84, 153 N. W. 271; Outcelt v. Chicago B. & Q. Ry. Co. 150 Minn. 398, 185 N. W. 495.

3. Plaintiffs requested an instruction that, to justify the use of force in ejecting a trespasser from premises upon which he entered peaceably, the trespasser must first be requested to depart and must have refused after being allowed a reasonable time to do so. The jury were instructed that, even if Mrs. Rennie was an intruder, defendant's employes had no right to use unnecessary force in ejecting her and no right to assault or injure her unnecessarily, wilfully or maliciously. They were also instructed that the men had no right to go beyond reasonable force and no right to strike or injure Mrs. Rennie intentionally, and, if they did assault and strike her intentionally, defendant would be liable for damages. In effect, these instructions required the jury to return verdicts for plaintiffs, if satisfied that La Favor intentionally struck or injured Mrs. Rennie or used unnecessary force in getting her out of his way. If her testimony was true, she had ceased to interfere and was in the act of leaving her tenant's premises when she was assaulted. If the jury believed this, they were bound, under the instructions, to return verdicts against the defendant. The existence of the state of

facts to which Mrs. Rennie and her daughter testified was negatived by the verdicts. Error cannot be predicated upon the refusal to give an instruction based on facts that are nonexistent. A reversal will not be ordered for error assigned, but proved harmless by the result of the trial. 4 C. J. 1052.

The other assignments of error have been considered, but are not of sufficient importance to require comment.

Orders affirmed.