## STATE v. EMIL OSLUND.[1]

May 7, 1937.

No. 31,249.

*Nordstrom & Nelson,* for appellant.
*Thomas P. Welch,* County Attorney, for the State.

HOLT, JUSTICE.

The appeal is from the order denying defendant's motion for a new trial. The complaint charged defendant with being the father of a bastard female child born to Lillian Ollila on November 8, 1935, and now living.

The defendant by the assignments of error presents but three grounds for a reversal of the order; that testimony offered by defendant was erroneously excluded; that the evidence does not sus-

[1]Reported in 273 N. W. 76.

tain the verdict; and that two portions of the charge were prejudicial.

Defendant called two character witnesses and, after laying proper foundation, asked each to state what defendant's reputation was in the community where he resided for chastity, morality, decency, good character, truth and veracity. The questions were ruled out as immaterial, and so was the offer of proof that defendant's reputation as to chastity and morality was good. Reputation is evidence of character. In criminal prosecutions the defendant may offer evidence of good reputation. State v. Dolliver, 150 Minn. 155, 184 N. W. 848. In civil cases the general rule is otherwise, except where character is the issue and except where the cause of action is predicated upon a defendant's depraved conduct or acts involving moral turpitude. Bastardy proceedings are civil in essence, though presenting a criminal aspect in some of its forms. 1 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 827; State v. Jeffrey, 188 Minn. 476, 247 N. W. 692. This is not controverted. But defendant contends that even in civil actions "this court by the rule of *stare decisis* is committed to the doctrine that in actions involving moral turpitude a defendant may prove his good character." Nickolay v. Orr, 142 Minn. 346, 347, 172 N. W. 222, 6 A. L. R. 1048. The question then is whether moral turpitude is involved in a bastardy proceeding. Schuek v. Hagar, 24 Minn. 339, was an action to recover damages for an indecent assault, and Hein v. Holdridge, 78 Minn. 468, 81 N. W. 522, was an action to recover damages for seduction. In both it was held that the defendant could prove his good reputation for chastity and morality. There is not much room for a distinction between the moral turpitude of a defendant in an indecent assault or a seduction case and in a bastardy proceeding. They may all be delinquencies voluntarily participated in by both the man and the woman. We think the practice in this state has been to permit one charged with being the father of an illegitimate child to offer evidence of his reputation for morality and chastity. It was done without objection in State v. Sanderson, 179 Minn. 436, 229 N. W. 564. In Hawkins v. State, 21 N. J. L. 630, 631, a bastardy proceeding, the court said:

"The offense charged is one which peculiarly puts character in jeopardy; the evidence offered seems not inconsistent with the general rule, and policy strongly requires its admission. The purest man in the community might be unable to protect himself from a charge like this, if falsely brought against him, but by his character."

In Perkins v. Perkins, 22 N. J. Law Journal 174, the vice chancellor points out that in New Jersey bastardy proceedings are considered civil and not criminal cases. To the same effect is Webb v. Hill (Co. Ct.) 115 N. Y. S. 267. Moen v. Fry, 215 Iowa, 344, 245 N. W. 297, appears to approve the admissibility of evidence of reputation as to morality of defendant in a bastardy proceeding, but held the offer of proof was too broad and hence sustained the lower court in excluding the offer. Defendant cites Windahl v. State, 189 Wis. 424, 207 N. W. 694, but in Wisconsin bastardy proceedings are held to be essentially criminal prosecutions, and therefore a decision from that state is not of the value it would be were they regarded as civil actions.

It is true that 7 C. J. p. 991, § 121, states a defendant in a bastardy proceeding may not introduce evidence of his general good character unless he has been impeached as a witness. Houser v State, 93 Ind. 228; Low v. Mitchell, 18 Me. 372; Collister v. Ritzhaupt, 83 Neb. 794, 120 N. W. 489; State v. Brunette, 28 N. D. 539, 150 N. W. 271, Ann. Cas. 1916E, 340, sustain the text. But in those states the rule stated and applied in Schuek v. Hagar, 24 Minn. 339, and Hein v. Holdridge, 78 Minn. 468, 81 N. W. 522, does not seem to obtain. We therefore conclude that it was prejudicial error to exclude the offered testimony, for which a new trial must be granted.

So concluding, the other assignments of error need not be given much consideration, for in the new trial defendant may not have occasion to complain of the same rulings or charge. However, it is proper to state that there is no merit in the contention that defendant was entitled to a dismissal at the close of the testimony. The evidence abundantly justified a verdict against defendant.

The charge when read in its entirety cannot be held misleading or prejudicial to defendant. It substantially conformed to State v. Allrick, 61 Minn. 415, 63 N. W. 1085, and State v. Harris, 168 Minn. 516, 209 N. W. 887.

The order is reversed.

Mr. Justice Peterson, having been attorney general when the appeal in this case was taken, took no part in its consideration or decision.