**KAUZ v. UNITED STATES.**

No. 13273.

United States Court of Appeals
Fifth Circuit.

April 5, 1951.

Rehearing Denied May 4, 1951.

Joe Creel, Miami, Fla., for appellant.

Ernest L. Duhaime, Asst. U. S. Atty., Miami, Fla., for appellee.

Before HOLMES, McCORD and STRUM, Circuit Judges.

STRUM, Circuit Judge.

This appeal is from a judgment convicting appellant of the unlawful concealment, possession, and transportation of non-tax paid distilled spirits. She contends here that the evidence is insufficient to sustain the concealment and transportation counts, and that the trial court erred in admitting evidence as to the good reputation for truth and veracity of certain government witnesses whose reputation had not been assailed.

The government's case rests largely upon the testimony of two colored police officers of the City of Miami, Florida, who testified that they were patroling in the colored residential section of Miami on March 4, 1950 at about 8 P.M. They parked the patrol car on 15th Street near the entrance of a narrow alley which ran northward from 15th Street between two houses. When one of the policemen, Frinks, got out of the patrol car to go into a nearby house, he saw a Ford coupe parked in the alley, head north, about six to eight feet north of 15th Street, and near the back of one of the houses facing on 15th Street. Appellant, a white woman, was standing near the open left front door of the Ford coupe, talking to a colored man.

Frinks was inside the nearby house two or three minutes. As he came out he heard a noise near the front of the Ford, and saw a colored man dart around the corner of one of the houses adjoining the alley. Appellant was near the Ford, dragging toward the same house a burlap bag which was later found to contain a five-gallon jug of non-tax paid whiskey. When the policeman called for her to halt, appellant dropped the bag and ran around the corner of the house, toward the back of it, pursued by the policeman. On rounding the corner of the house, the policeman discovered near

the back door, and about twenty-five or thirty feet from the Ford, two additional burlap sacks, each containing a five-gallon bottle of moonshine whiskey, of which he took possession.

Appellant ran back to the Ford, and was sitting in it trying to start the motor when Frinks arrested her. She denied ownership of the whiskey and any knowledge of the two sacks found behind the house, but offered Frinks money if he would release her, which he refused to do. Frinks' testimony is substantially corroborated by the other policeman who assisted in the arrest and was present when the bribe was offered. Upon inspection it was found that the rear compartment of the Ford coupe had been altered by removing the braces under the seat so as to make the compartment abnormally large, providing a space about six feet long from front to rear.

■ We find the testimony above outlined sufficient to sustain the verdict on each count of the indictment. Exculpatory evidence introduced by appellant and her witnesses was apparently rejected by the jury.

At the trial, defendant did not question the veracity of the two policemen except by introducing evidence which contradicted their version of the facts. In rebuttal, the government introduced three witnesses who testified that the reputation of the policemen for truth and veracity is good. The defendant offered no objection to the first and third of these witnesses. She objected to the second, but was overruled.

■ Evidence of the good reputation of a witness for truth and veracity is inadmissible for the purpose of supporting or strengthening his testimony unless his reputation has been assailed. The mere fact that a witness is contradicted by other evidence in the case does not constitute an attack upon his reputation for truth and veracity. The admission of such testimony where the witness' reputation has not been attacked is sometimes, but not always, held ground for reversal. It is frequently held to be harmless error, and the testimony here involved falls within that category. Quinalty v. Temple, 5 Cir., 176 F. 67, 27 L.R.A.,N.S., 1114; Kirby v. Oklahoma, 25 Okl.Cr. 330, 220 P. 74, 33 A.L.R. 1212; Woods v. Thrower, 116 S.C. 165, 107 S.E. 250, 15 A.L.R. 1062, note 1075; Central Vermont R. Co. v. Cauble, 2 Cir., 288 F. 876. Cf. Robertson v. Texas, 81 Tex.Cr.R. 378, 195 S.W. 602, 6 A.L.R. 853, and Nickolay v. Orr, 142 Minn. 346, 172 N.W. 222, 6 A.L.R. 1048, dealing with parties defendant, as distinguished from witnesses.

■ The testimony of two witnesses as to the reputation of the policemen for truth and veracity was received without objection. Though technically the objection made to the testimony of the second witness should have been sustained, we are not persuaded that this testimony prejudicially affected the jury when the evidence of appellant's guilt is as clear, reasonable, and convincing as it is here. Federal Criminal Rule 52(a), 18 U.S.C.A.

Affirmed.