DuBose *vs.* DuBose.

1. Whilst ordinarily a party cannot put his general character in issue unless it be assailed, yet where the very nature of the cause and the allegations in the libel make the attack upon his character, he may take the initiative and prove good character. Where a libel for divorce was based on cruel treatment of the wife, consisting in forced, vulgar and excessive use of the husband's marital rights and the threat of introducing lewd women, such a charge involved the character of the husband, and he could introduce evidence of good character.

2. There was no error in confining a witness who conversed with the respondent to his sayings, and in declining to admit the impressions made upon the mind of such witness, under the facts of this case.

3. The charge substantially covers the requests, and the facts are overwhelmingly in favor of the respondent, and any divergence from the requests is not sufficient to require a new trial.

4. If letters written by the wife to the husband after their separation were admissible on the trial of a libel for divorce brought by her against him, they were not sufficient in this case to alter the verdict. Nor could the newly discovered evidence have that effect.

November 17, 1885.

v 75-48

Evidence. Witness. Character. Charge of Court. Husband and Wife. Before Judge WILLIS. Muscogee Superior Court. May Term, 1885.

Reported in the decision.

HATCHER & PEABODY, for plaintiff in error.

W A. LITTLE, for defendant

JACKSON. Chief Justice.

This record develops a libel for a divorce brought by the wife against the husband for cruel treatment of her in respect to the improper, vulgar and excessive use of his marital rights and conjugal intercourse with her  The jury found for the respondent, and on being denied a new trial by the court, the libellant excepted, and the case is before us for review.

1. Whilst ordinarily a party cannot put his general character in issue unless it be assailed, yet where the very nature of the cause and the allegations in the libel make the attack upon his character, he may take the initiative and prove good character. Code, §3757. In that section of the Code, it is declared that " the general character of the parties . . . are irrelevant matter, unless the nature of the action involves such character." . . . If there ever was a case which involved the character of a man, it is this as charged in the libel and testified to by the libellant. The charge of forced, filthy cohabitation, and the threat of introducing lewd women, is blasting to character, and no good man of ordinary good character could well be guilty of such conduct.

2. There was no error in confining a witness who conversed with the respondent to his sayings, and in declining to admit the impressions made upon his mind, under the facts elicited from the witness complained of in this case.

3. The charge covers the requests about as fully  as the

case demanded. If not, the divergence from the requests is not sufficient to require a new trial. The facts are overwhelmingly in favor of the respondent. The letters of his wife alone during the period of the alleged bad and cruel conduct, with the epithets of endearment therein, demand the verdict.

4. The two rejected letters from her also to him, written after the separation, even if admissible, would not shake the truth of the verdict; and the newly discovered testimony would as little affect it. It is a righteous verdict, and must stand.

Judgment affirmed.