ETHEL WANDERSEE v. EMANUEL F. WANDERSEE.[1]

February 25, 1916.

Nos. 19,618—(242).

**Divorce—evidence of desertion.**

1. In this, an action for divorce, the evidence amply sustains the finding that defendant wilfully deserted plaintiff, and plaintiff is entitled to a decree even though the finding that defendant had treated plaintiff in a cruel and inhuman manner is not adequately supported.

**Custody of child—finding sustained by evidence.**

2. The evidence justifies the finding that plaintiff was, and the defendant was not, a fit person to have the care and custody of the child.

**New trial—part of finding of fact immaterial.**

3. That parts of a finding of fact may be immaterial does not require a new trial, or a change in the conclusions of law.

Action in the district court for Hennepin county for absolute divorce and to be awarded custody and control of the children. The case was tried before Hale, J., who made findings and ordered judgment in favor of plaintiff granting her the custody of the son. From an order denying his motion for amended findings and conclusions of law or for a new trial, defendant appealed. Affirmed.

*Charles G. Laybourn,* for appellant.

*N. A. L'Herault,* for respondent.

PER CURIAM.

Plaintiff was granted a divorce from her husband on the grounds of desertion and cruel and inhuman treatment. The custody of their seven-year-old son was also awarded to her. Defendant appeals.

Although there are 17 assignments of error challenging the findings of fact, the conclusions of law and the refusal to make certain findings re-

1 Reported in 156 N. W. 348.

quested by defendant, only two need be considered. These relate to the grounds for divorce and the custody of the child.

The complaint alleged and the court found two grounds for divorce. If the evidence supports but one of the two, it is sufficient to justify a decree in plaintiff's favor. While some members of the court doubt the correctness of the finding of cruel and inhuman treatment, all agree that the evidence amply sustains the one of wilful desertion. It would not profit to here detail the marital troubles of the parties. Suffice it to state that in 1912 plaintiff suffered a mental breakdown, aggravated, if not wholly induced, by defendant's conduct towards a female employee. Plaintiff was duly committed to the insane asylum at Rochester. In May, 1913, she was released, apparently restored mentally and physically. The employee referred to had, during plaintiff's absence, taken up her residence in the same flat building where was the home of these parties. On the few occasions that plaintiff met defendant after her release he plainly indicated that he did not wish her to live with him again. He never intimated that his home was open to her, and the conditions were such that plaintiff could not with any degree of self respect request to be taken there.

Defendant's counsel frankly states that the only contest made in the court below was as to the custody of the boy, and, no doubt, the main object of the appeal is to obtain the child, to whom defendant is greatly attached. There is nothing in the record that militates against his fitness to bring up the boy, except the moral delinquency exhibited in the treatment of his wife and the consideration given his said employee. We are not prepared to hold that the evidence concerning defendant's shortcomings in this respect is not sufficient to warrant the learned trial court in finding him unfit to have the care and custody of the young boy.

We need refer to no authority for the principle that, in selecting the custodian for a child when the marriage tie between its parents is severed, the best interest of the child is the paramount consideration. Plaintiff is of good character. Since recovering her health she has been teaching school for over seven months. The only thing that could be urged against her fitness to have the child is that one medical expert testified that a person who has had one mental breakdown is more likely

to be again similarly afflicted than one who has never been subject to an attack of insanity. But no expert could say that plaintiff would probably suffer a relapse. The trial court evidently did not credit the testimony that plaintiff had been harsh in her treatment of the boy. We cannot say the finding that plaintiff is a fit person to have the care and custody of the child is without support in the record.

That a part of the fifth finding with reference to the legal adoption by defendant's sister of a little daughter of the parties hereto while plaintiff was under commitment to Rochester, may be immaterial, does neither call for a new trial nor change the result.

Affirmed.