## ESTHER DAUER v. FRED C. DAUER.[1]

### November 19, 1926.

### No. 25,379.

**Husband not guilty of cruel and inhuman treatment.**

1. The evidence sustains the findings to the effect that defendant was not guilty of the cruel and inhuman treatment alleged as ground for divorce.

**Testimony as to husband's disposition and temper admissible.**

2. Plaintiff by allegation and proof made defendant's disposition and temper an issue, and there was no error in permitting witnesses, who had for many years known and been in personal contact with defendant to state what his disposition and temper were.

**Denial of new trial sustained.**

3. Other rulings at the trial not ground for new trial.

Divorce, 19 C. J. p. 127 n. 35; p. 142 n. 52; p. 197 n. 61.
Evidence, 22 C. J. p. 470 n. 19; p. 472 n. 24, 25; p. 477 n. 48; p. 557 n. 49.

[1]Reported in 210 N. W. 878.

Plaintiff appealed from an order of the district court for Brown county, Olsen, J., denying her motion for a new trial. Affirmed.

*T. O. Streissguth*, for appellant.

*Somsen, Dempsey & Flor*, for respondent.

HOLT, J.

Findings were in favor of the husband in this action for divorce brought by the wife on the ground of cruelty. The appeal is from the order refusing to amend the findings and denying a new trial.

We have examined the evidence attentively and are satisfied that the findings of fact are abundantly sustained, and that the learned trial court wisely concluded that the husband should have the custody and care of the children even though the wife was also found to be a fit person to care for them. Appellant urges principally two objections to the decision: First, that the custody of the children was awarded the husband; and second, the support granted her while she elects to live separate is too small. The court found that "plaintiff at this time is opposed to and refuses to live with the defendant and could not in her present state of mind live happily with the defendant," and until she should elect to return to her husband, he was ordered to contribute $15 per month to assist in her support.

The parties married in 1912, when plaintiff was 18 and defendant 28 years old. Three children were born to them, the oldest being now 13 and the youngest 10 years old. They were without home or means when they married, and for a time lived with his parents on the small farm of 18½ acres which he later bought from his father. Both were industrious and frugal, and seem to have got along well until within the last few years when she has become somewhat neurotic and dissatisfied with him. She has always willingly assisted in the farm labor when help was needed. And when he worked away from home, as he often had to do, she uncomplainingly attended to all the chores. Only about half of the little farm is tillable. It is worth $2,400 and is mortgaged for $1,400. Besides the farm, defendant owns $600 worth of personal property. Every fall he is able to earn about $200 running an engine during

the threshing season. In addition to the odd jobs gotten from neighbors, he has rented parcels of land from nearby farmers for planting and cropping.

It is perfectly plain that it is demanding the impossible to require this man to support two separate households with the resources at his command. He should not be asked to attempt it. The record is convincing that he is not to blame for plaintiff's leaving her home and should not be deprived of the companionship of his children to whom he is greatly attached. The evidence taken as a whole indicates that plaintiff's aversion to defendant may be only temporary. There is no reason apparent why these parties should not in the near future live reasonably contented as husband and wife. His pleadings with her not to leave him show that he has an abiding affection for her. She in the past has dominated the family, to this he in most instances seems to have meekly submitted. No serious trouble followed her leadership until with his assistance she won a Ford in some sale contest. With the ownership of the automobile came a feeling of pride. Her husband's appearance and dress did not comport with the dignity of the vehicle, and he was refused the privilege of accompanying the family in it to social gatherings though he expressed a strong desire to do so.

As we read the record, the only thing the court could do was to let defendant maintain the home where he could support himself and children and keep it open for plaintiff whenever she should elect to return. In the meantime the support granted is in our opinion all that defendant can give. Plaintiff is able to work and has always been accustomed to do so, and we feel with the assistance ordered she will have the easier road of the two, so far as obtaining the necessities of life is concerned.

The only legal proposition in the appeal is the contention that the court should not have permitted testimony touching defendant's character, temper and disposition, and that if character became an issue it could be assailed or supported by testimony as to reputation alone and not by opinion. The general rule is that the character of the litigants cannot be made an issue in civil actions. There are

exceptions. The rule with the exceptions, somewhat extended in this state, are sufficiently stated in Schuek v. Hagar, 24 Minn. 339; Hein v. Holdridge, 78 Minn. 468, 81 N. W. 522; Campbell v. Aarstad, 124 Minn. 284, 144 N. W. 956; Nickolay v. Orr, 142 Minn. 346, 172 N. W. 222, 6 A. L. R. 1048; Rennie v. Skellett Co. 151 Minn. 63, 186 N. W. 130.

However, we think the issue of defendant's disposition and temper was directly raised by the complaint. Besides the specific acts of cruelty set out, the complaint alleged that defendant "was a man of violent and ungovernable temper and cruel and jealous disposition." And at the very beginning of her testimony plaintiff stated in answer to her counsel's question that defendant's "temper was uncontrollable." In defense of this charge defendant called three witnesses, neighbors who had known him from childhood, had associated with him and the family and had worked with him; these over objection were permitted to state what his disposition was. We think that no error was here committed. Plaintiff made the issue as to temper and disposition both by her pleading and her testimony. The character of the parties and their disposition and temper are proper issues in a divorce action where there are children whose custody and care are to be determined. Plaintiff relies on Humphrey v. Humphrey, 7 Conn. 116, where in an action for divorce on the ground of adultery, defendant was not allowed to offer evidence of good character. We think the cases above cited in this court are to the contrary and so are: DuBose v. DuBose, 75 Ga. 753; Graft v. Graft, 76 Ind. 136; Revere v. Revere, 115 Kan. 575, 223 Pac. 1103; O'Bryan v. O'Bryan, 13 Mo. 15, 53 Am. Dec. 128.

But it is contended that these witnesses should have been confined to testify to reputation as to disposition and temper. Temper and disposition are somewhat different from character. They are natural traits open to observation and are disclosed to those only who come in personal contact with the person. Where the witness is one who for a number of years has been in close and varied relations with the one whose disposition is the subject of inquiry, we think it proper that he may give his conclusions. In the nature of

things such a witness could not describe all the various times and occasions at which the disposition and temper of the person in question were revealed or put to the test, nor can a witness as a rule relate what the circumstances were under which the disposition or temper was displayed so graphically that the auditor may gain a conception so as to be able to form an opinion. It is somewhat like a witness being permitted to state the sum total of a long account. Not one of the witnesses was asked to state what defendant's character was. Of course it was perfectly proper to inquire of plaintiff's sisters, who naturally had the best of opportunities to observe the family life of the parties, as to what they had seen of defendant's conduct towards his wife. It is significant that when plaintiff left defendant she did not seek the refuge of her father's home, nor did he appear as a witness in her behalf. Her two sisters' testimony was decidedly favorable to defendant.

Plaintiff asked this court, as soon as the appeal was taken to direct defendant to pay the expenses of printing the paperbook and brief, also to pay attorney's fees. We declined to so order in advance of the hearing. The appeal was ill advised, and we feel that defendant's resources and earning abilities will be taxed to the utmost to provide a bare living for himself and children, and that to order him to do more than pay the additional $15 a month to plaintiff would be requiring the impossible of him. Therefore no allowance will be made.

The order is affirmed.