## JOSEPH E. COLLINS v. FRANCES C. COLLINS.[1]

No. 34,169.

March 15, 1946.

*Wheeler and Burns,* for appellant.

There was no appearance in this court on behalf of respondent.

YOUNGDAHL, JUSTICE.

This is an appeal from an original and supplemental order of the district court of St. Louis county denying plaintiff's petition for an order granting him the custody of the minor child of the parties to this action.

[1]Reported in 22 N. W. (2d) 168, 23 N. W. (2d) 9.

On February 14, 1944, plaintiff was granted a divorce from defendant on the ground of habitual drunkenness. As issue of the marriage there is one child, Janet Elaine Collins, born in April 1934. The court placed the child under the care and custody of the Catholic Charities, Incorporated, of Duluth. In its findings, among other things, the court stated:

"That the Court does not feel justified in awarding custody to the father, as it is clear from the evidence that he has not cooperated as he should in attempting to bring some reform in the defendant's drinking habits, and it would not be conducive to the welfare of the child to permanently remove her from the custody of the mother.

"That both parents and the child are of the Catholic faith, and it is the desire of the parents that the child shall be brought up in that religion. That for a period of one year the mother should be deprived of legal custody of the child or until such time as the Court is satisfied that she has qualified as a proper custodian for said child."

On May 11, 1945, plaintiff moved for an amendment of the decree so as to award him custody of the child. A number of affidavits were submitted in support of his motion. On June 27, 1945, upon the affidavits submitted, the court denied plaintiff's motion and continued custody in the Catholic Charities, Incorporated. The court further ordered that the matter of the custody of the child be reviewed by the court on September 5, 1945. In a memorandum attached to this order the court stated, *inter alia:*

"It is further understood that during the period that Mrs. Collins has possession of the child that she must scrupulously refrain from use of intoxicating liquor in any form, including 3.2 beer. A violation of this condition imposed by the Court should result in the Catholic Charities, Inc., taking the child away from the mother immediately."

On September 20, 1945, the court ordered the custody changed from the Bureau of Catholic Charities to the Children's Division

of the St. Louis County Welfare Department until the further order of the court. In a memorandum attached to this order the court said:

"The Court does not feel at this time that it is prepared to award custody of Janet to either the father or the mother in this matter. I feel that at least for another school year the child should be under the supervision of the Children's Division of St. Louis County.

"The change from the Bureau of Catholic Charities to the Children's Division of the St. Louis County Welfare Department is made at the request of the Bureau of Catholic Charities because Father Laurence Glenn, Executive Secretary of such Bureau, feels that his staff is short-handed at the present time and has not the facilities to supervise the case."

At the oral argument we were informed by plaintiff's counsel that subsequent to the taking of the appeal the court amended the decree by awarding custody of the child to the father. This order is not a part of the record, but, inasmuch as plaintiff's counsel called it to our attention, we sent for it. The order is dated December 17, 1945. After stating that, "after an impartial investigation conducted by the Probation Department of St. Louis County, this Court is satisfied that Mrs. Collins has not abided by the conditions set down for her conduct by the Court," the order provides:

"IT IS HEREBY ORDERED that the custody of said Janet Collins be changed from the Children's Division of the St. Louis County Welfare Board to the Plaintiff, Mr. Joseph E. Collins; and that on and after December 28, 1945, said Joseph E. Collins shall have custody of said Janet Collins until the further order of the Court.

"IT IS FURTHER ORDERED that during the Christmas holidays which are about to begin that Mrs. Collins is to have possession of the child until December 28, 1945.

"IT IS FURTHER ORDERED that while the Plaintiff has custody of said child the Defendant shall be permitted to have the child visit her half a day each week from Noon until 9:30 p. m.

' "It Is Further Ordered that the Plaintiff and Defendant shall share the possession of the child on such holidays as Easter, Thanksgiving and Christmas."

In a memorandum attached to this order the court stated:

"The Court does not feel that an extensive memorandum is necessary at this time in order to justify the change in custody as provided by the Court's Order.

"This Court still believes that the care and custody of a daughter is best provided for if left with the mother where the mother conducts herself properly and is able to give the child the proper care and supervision. Consequently, the Court will leave open the matter of custody of the child so that if sometime after June 1, 1947, the mother can show this Court that she is able to properly care for and supervise the conduct of said child, the Court will review the entire matter of custody again at that time."

The question presented by the appeal would thus be moot were it not for the fact that plaintiff seeks a determination here that defendant has by her conduct forfeited her right as a mother to the custody of the child. It will be noted that, although the custody of the child is granted to plaintiff in the December 17, 1945, order, it provides that possession of the child is to be shared by both parties during such holidays as Easter, Thanksgiving, and Christmas, and that defendant is permitted to have the child visit her half a day each week from noon until 9:30 p. m. Further, as stated in the court's memorandum, the court has left open the matter of custody of the child so far as the mother is concerned.

Having in mind the welfare of the child, which is our prime consideration, we think it is time that the custody be determined with some stability. The child will be 12 years of age in April 1946. She has been deprived of the normal, wholesome home atmosphere to which every child is entitled. During the few remaining years during which custody will be necessary, the child should be spared the confusion and maladjustment which result from divided and shifting custody. The record shows clearly that defendant has

forfeited the right to custody. Though she was an habitual drunkard when the divorce was granted, she was given an opportunity to reform and to prove herself a worthy mother for the child. She chose to follow her old habits of dissipation and debauchery. The case supervisor of the Bureau of Catholic Charities, Incorporated, in her report to the court on May 22, 1945, recommended that custody of the child be given to the father. The concluding part of the report reads:

"* * * There have been no indications that Mrs. Collins has made any lasting improvement in respect to her alcoholism.

"At this time the agency feels that the interests of the child would be served best if the custody of Janet were given to one or the other of the parents. It begs leave to recommend that Mr. Collins be given custody. Mr. Collins' plans for the care of his daughter meet with the approval of the agency and it is the understanding of this agency that Mrs. Collins will be able to see Janet and visit with her."

Further, as stated in the court's last order, after an impartial investigation conducted by the probation department of St. Louis county, the court was satisfied that defendant had not abided by the conditions set down for her conduct by the court.

Plaintiff is well able financially to give the child a good home and education. There was no showing at the hearing of the motion that he is not a proper person to have custody of the child. As a matter of fact, the Bureau of Catholic Charities, which had custody of the child and fully investigated the case, recommended to the court that the father be given the custody. The lower court has now followed that recommendation. We are of the opinion that custody should remain with the father, unless he also, by his future conduct, forfeits his right to it or proves unable to carry out his obligation. Defendant should have the right to see and visit the child, however, at reasonable times, but, because of her conduct, should not be permitted to take the child away from the home established for her by plaintiff.

Reversed.

348

Upon Appeal from Clerk's Taxation of Costs.

On May 10, 1946, the following opinion was filed:

Per Curiam.

Defendant (respondent) appeals from the clerk's taxation of costs and disbursements awarded to plaintiff (appellant).

Minn. St. 1941, § 607.01 (Mason St. 1927, § 9486), authorizes this court in its discretion to allow costs, not exceeding $25, to the prevailing party, upon judgment in his favor upon the merits, but "in all cases the prevailing party shall be allowed his disbursements necessarily paid or incurred." See, Supreme Court Rule XV, 212 Minn. xlv.

The language of the statute plainly gives this court no discretion in the allowance, disallowance, or apportionment of necessary disbursements. Inasmuch as the disbursements taxed were necessary to the presentation of the appeal in this case, they must be allowed. Hess v. G. N. Ry. Co. 98 Minn. 198, 108 N. W. 803; Kretz v. Fireproof Storage Co. 127 Minn. 304, 312, 149 N. W. 648, 955.

Defendant cites in support of his application Novotny v. Novotny, 152 Minn. 420, 189 N. W. 258, and Dauer v. Dauer, 169 Minn. 148, 210 N. W. 878. Neither of these decisions is in point. We are not here concerned with an application for an allowance for costs incurred by a wife in perfecting an appeal. The allowance of disbursements to the prevailing party under the statute involves an entirely different matter.

Statutory costs, however, under the terms of the statutes are to be allowed in the discretion of the court. In view of the defendant's limited income, we disallow statutory costs to plaintiff.

With the exception of the item of $25 as statutory costs, the clerk's taxation is affirmed.