# DORIS JOSEPHINE ANDERSON v. CHARLES EMMETT ANDERSON.

109 N. W. (2d) 571.

June 2, 1961—No. 38,180.

*William C. Hutchins* and *Donald A. Chapman,* for appellant.
*Henry H. Bank* and *Solomon Wasserman,* for respondent.

NELSON, JUSTICE.

Appeal from an order of the district court which modifies and amends an order of the court previously made and entered in a divorce proceeding commenced by Doris Josephine Anderson against Charles Emmett Anderson. In that action plaintiff sought custody of the minor children of the parties—David, born April 1, 1951, and John, born March 21, 1953. After trial of the action the court entered its decree denying the plaintiff a divorce and awarding absolute custody of the children to the defendant although granting plaintiff the right of visitation at reasonable times and hours. The original decree also awarded

defendant the exclusive use of the homestead and the household furnishings of the parties.

The plaintiff moved for amended findings or a new trial, and the court by an order dated November 3, 1958, denied a new trial but ordered:

"That paragraph 2 of the Conclusions of Law, of the Findings of Fact and Conclusions of Law filed herein on June 27, 1958, be modified and amended to provide as follows: 'That the defendant, Charles Emmett Anderson, is hereby awarded the care and custody of the minor children of the parties; that the plaintiff shall have the right of visitation of said children on Saturdays and Sundays of each week and at other reasonable times and hours; that in addition thereto, the plaintiff shall have the children of the parties with her for one month during summer vacation periods of said children; that the custody of the children and the visitation provided for herein shall be under the supervision of the Hennepin County Department of Court Services, Domestic Relations Division.' "

The matter was then referred to the Department of Court Services of Hennepin County for custody supervision.

In May 1959, plaintiff again moved to amend the findings. Hearing on this motion was continued and, pursuant to stipulation of the parties, the court referred the question of custody to the Department of Court Services for full investigation. On June 2, 1960, this department after a full investigation provided the trial court with a comprehensive report, including a summary and recommendations based thereon, from a counselor in its Domestic Relations Division. Counsel for the parties waived further hearings and stipulated that the report, as submitted, might be considered by the court.

Based upon its consideration of the files and records in the proceedings, the report of the Department of Court Services, and the arguments of counsel for the parties, the court on June 16, 1960, ordered that the order dated November 3, 1958, be amended by striking the paragraph quoted above and inserting in lieu thereof the following:

"That the plaintiff be and hereby is awarded the absolute care, custody and control of the minor children of the parties, under the

supervision of the Department of Court Services, with the right of reasonable visitation by the defendant at reasonable times and hours, to be fixed by the Department of Court Services. That defendant is hereby ordered to pay to plaintiff the sum of $20.00 per week for the care and support of said minor children; said payments to commence on Friday, July 22, 1960, and to continue thereafter until the further order of the Court."

Defendant appeals from this order.

The Court Services report indicates that plaintiff has been employed at the Northwestern National Life Insurance Company as a clerk at a salary of approximately $190 a month. She has stated that if she is finally given custody of the children she will either have to continue working to support them, or, if possible, she will obtain an ADC grant if her husband cannot give her adequate support. The report indicates that the persons given as references, who knew both parties, made no derogatory remarks about the plaintiff.

The record indicates that both the trial court and the Department of Court Services had difficulties with the defendant culminating in a contempt proceeding before the Honorable Theodore B. Knudson of the Hennepin County District Court, presiding over the family court in November 1959, at which time the defendant was adjudged in contempt of court and placed on probation for one year for obstructing and interfering with plaintiff's right of visitation. Apparently this nevertheless failed to bring cooperation on the part of defendant with the Department of Court Services, and all of this has had a devastating effect on the health of the plaintiff.

The record further indicates that there never has been any question but that the plaintiff is a fit and proper person to have custody of her children and that she can provide a healthy environment for them. The trial court, however, stated that in the first instance it felt compelled under the holding of Dauer v. Dauer, 169 Minn. 148, 210 N. W. 878, as applied to the evidence presented in the original divorce proceeding, to deny the divorce and grant custody of the children to the husband, and that at the time of the first motion for amended findings or a new trial, some 3 months after the original order was

made, the circumstances did not appear to justify the change of custody sought by plaintiff.

Defendant states that the legal issues involved are:

"1. Was the plaintiff entitled to an absolute divorce from the defendant on her complaint, based on the sworn testimony given at the trial?

"2. Which of the parties, plaintiff or defendant was entitled to the legal custody, care and control of the minor children?"

■ The only matter properly before this court is the question of custody since the portion of the original order which denied the divorce has never been vacated and is in no way involved in the order appealed from.

■■■■ Modification of a decree in a divorce proceeding is considered a continuation of the original cause and jurisdiction over the matter is retained by the trial court. Atwood v. Atwood, 253 Minn. 185, 91 N. W. (2d) 728. In Jacobs v. Jacobs, 136 Minn. 190, 161 N. W. 525, L. R. A. 1917D, 971, we stated that the trial court, under its general equitable powers and without statutory authority, may provide for a separate maintenance for the wife and her children, although she seeks neither a divorce nor a decree of separation, if she establishes a legal cause for living separate and apart from her husband. It is also the general rule that, if for any reason a husband and wife have in fact separated and are living apart, the court, when its power is invoked by habeas corpus proceedings, may determine which parent shall have the custody of the children, and that the court in such cases will place the interests of the children above the rights of either parent and will make such provisions for their care and custody as will best serve the children's welfare.

■ It is well settled in this state, and by the great weight of authority elsewhere, that, independently of any statute on the subject, the court in the exercise of its general equitable powers, though an action for divorce or separate maintenance is not pending, and though grounds for such action do not exist, may award the wife support and maintenance where she is justifiably living apart from the husband. This general equitable power obviously includes the right to make

provisions for the custody and maintenance of minor children, who are in no way responsible for the failure of their parents to live together. This court has chosen to follow what is considered the more modern and better rule that a court in an action for divorce, after denying a divorce, retains jurisdiction in the same action, under its general equitable powers, to make provisions for the care and custody of the minor children where the parents are in fact living apart from each other. Although there is substantial and respectable judicial opinion that this equitable power ought not to be exercised in a state where jurisdiction to grant a divorce is vested in a court of equity, which already has jurisdiction to protect the interests of a child, we have made it clear that we cannot concur in that view and have said that it seems wholly illogical and impractical to make the exercise of the court's protective jurisdiction over infants dependent upon a needless circuity of actions. This is particularly true where, as in this state, the distinction between actions at law and suits in equity and the forms of such actions and suits are abolished. Rules of Civil Procedure, Rule 2; Atwood v. Atwood, 229 Minn. 333, 39 N. W. (2d) 103; Dovi v. Dovi, 245 Wis. 50, 13 N. W. (2d) 585, 151 A. L. R. 1368. This power to protect infants is exercised by the state as an attribute of its sovereignty. See, In re Adoption of Pratt, 219 Minn. 414, 18 N. W. (2d) 147.

■ It is apparent from an examination of the entire record in the instant case that it has been an exceedingly difficult one for the trial court and for all others concerned. While normally the custodial preference of small children is for the mother, the important and primary consideration is always the welfare of the child. The original decision, as well as the later orders, reflects the trial court's hope that the parties might effect a reconciliation. The attitude of the trial court is indicated by the court's original findings:

"That defendant personally is fit and suitable to have the custody of the children. That he has a strong affection for the children with a deep interest in their future welfare and happiness and has not in any way forfeited his joint right with the plaintiff for their custody. That the plaintiff personally is also a suitable person to have the care

and custody of the children but is without adequate means or facilities to provide suitable maintenance and environment without a substantial contribution from the defendant.

"That in the opinion of this Court the best interests of the children will be served by keeping them together in the home and custody of the father at this time."

The defendant cites the case of Dauer v. Dauer, 169 Minn. 148, 210 N. W. 878, as controlling and relies entirely upon it. In that case the findings were in favor of the husband in an action for divorce brought by the wife on the grounds of cruelty. The appeal there was from an order refusing to amend the findings and denying a new trial. We do not think it is in point or controlling on the custody issue here.

When on April 6, 1960, the parties stipulated that the matter should be referred to the Department of Court Services for the purpose of again evaluating the custody of the children, it was further stipulated that either party could demand a hearing after the Court Services report; but both parties thereafter waived any further hearings. Undoubtedly the report of the Department of Court Services, when considered with all the other evidence, including the attitude manifested by the defendant by his refusal to permit plaintiff the visitation rights to which she was entitled and the resulting adjudication of contempt, carried weight with the trial court in finally resolving the custody issue. It is apparent from the record that the trial court has considered the welfare of the children the determining factor at all times. This, of course, is required under well-established law in this state. Kaehler v. Kaehler, 219 Minn. 536, 18 N. W. (2d) 312.

In Loth v. Loth, 227 Minn. 387, 392, 35 N. W. (2d) 542, 546, 6 A. L. R. (2d) 176, this court said:

"* * * it follows that in this court a finding of the trial court is attended with every presumption of evidentiary support. The rule applies in divorce cases the same as in others.

\* \* \* \* \*

"* * * this court will not reverse a finding having evidentiary support, even though we might find the fact to be different if we had the fact-finding function."

■ A reading of the record satisfies us that every effort has been made by the trial court to avoid hasty procedure or judgment in finding a solution to the custody issue. We think it obvious that the court acted with the thought and hope that in time this once-happy family again might be united.

In the absence of a clear abuse of discretion, the action of the trial court must be affirmed. Clearly, the welfare of the children has taken precedence here. The trial court is vested with a broad discretion in determining what custodial arrangement best serves the welfare of a child. MacWhinney v. MacWhinney, 248 Minn. 303, 79 N. W. (2d) 683; Polzin v. Polzin, 237 Minn. 164, 54 N. W. (2d) 143; French v. French, 236 Minn. 439, 53 N. W. (2d) 215; Aske v. Aske, 233 Minn. 540, 47 N. W. (2d) 417. From a perusal of the record we can only assume that the trial court found from ample evidence that the children's welfare would now be best served by placing them in their mother's custody. We think under all the circumstances this ruling should not be disturbed. Respondent is allowed $250 attorneys' fees.

Affirmed.

Mr. Justice Otis, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.