# DOROTHY SCHIRO BRYANT v. WALTER LEE BRYANT.

119 N. W. (2d) 714.

February 8, 1963—No. 38,684.

*Rainer L. Weis,* for appellant.
*Cedric F. Williams, Jr.,* for respondent.

THOMAS GALLAGHER, JUSTICE.

This is an appeal from an order of the district court denying defendant's motion for modification of a judgment dated April 14, 1961, wherein the court awarded plaintiff a divorce and custody of the 7 children of the parties whose ages range between 4 years and 12 years. The order for judgment was based upon the following finding:

"During approximately the past five years the defendant has treated the plaintiff with extreme mental cruelty and has also inflicted physical violence upon her. During said time the defendant has fathered a child with a woman not his wife. For the past several years defendant has openly, notoriously and extensively been keeping improper company with one Delores Anderson, a widow with five children. Many times the defendant has spent the entire night at the home of Delores Anderson. The defendant has had the effrontery to bring Delores Anderson into the home of the parties. The defendant has told the plaintiff that he did not love her. He also told her that he was in love with Delores Anderson and intended to marry her. The defendant has such a lack of moral sensibility and responsibility to the plaintiff that the relationship existing between them has become so subversive as to make it impossible to discharge the duties of married life and to obtain its benefits, and so inimical to the health and personal welfare of the plaintiff as to render the continuance of the relationship intolerable. The defendant is guilty of cruel and inhuman conduct toward the plaintiff."

The judgment provided that defendant have the privilege of visiting the children on the first Sunday of each month, and on such days of taking them from plaintiff's premises, provided that—

"* * * [i]n no event shall defendant associate with Delores Anderson either in her home or elsewhere, nor permit the children to associate with her while defendant has the children for visitation purposes."

The present motion, denied by the court, was for an order amending the judgment so that the foregoing provision "be decreed to have no further force and effect." In opposition to this motion, plaintiff submitted affidavits to the effect that—

"* * * defendant with utter disregard for this Court's Order has associated with and has been in company with the said Delores Anderson, in her home and elsewhere. And * * * that the defendant * * * entered into a contract of marriage in the State of South Dakota, County of Codington, on the 21st day of July, 1961, at Watertown,

South Dakota, at which time he joined together in the Holy Bonds of Matrimony according to law of South Dakota with the said Delores M. Anderson. * * * The moral conduct of Walter Lee Bryant and his associations with Delores M. Anderson have not improved in so far as this affiant is concerned. The said Walter Lee Bryant has shown no intentions of abiding by the Court's Orders and * * * his attitude in this matter definitely points to the fact that he will take all he can get by the Court's decree and then go over and beyond that to do as he sees fit without any qualms of conscience. * * * that but for the conduct of said Delores M. Anderson and her association with the affiant's former husband the affiant may still be married today; * * * that the defendant's conduct at this time being as it is, it is the plaintiff's contention that to allow her children to associate with the said Delores M. Anderson would not be proper and certainly would not be in the best interest of the children nor best for their happiness."

From further affidavits submitted in opposition to this motion, it appears that defendant, upon occasions, had taken the children to his present home where he lives with his present wife, the former Delores Anderson and her 5 children; that on such visits disagreements and quarrels had occurred between these children and those of the parties hereto and between them and defendant's present wife; that the latter on occasions during such visits had used harsh language toward them and inflicted physical punishment upon some of them; that on one occasion while on such a visit the youngest of such children, then about 4 years of age, had fallen down a stairway and bruised himself; that on another occasion, while with defendant and his present wife, this same child had almost been drowned while at a bathing beach where he was rescued only by the prompt action of his sister, then aged 9, who had discovered him; that these children, while at this home, had been required to sleep on the floor because of lack of room; that while there they had been continually blamed by defendant's present wife for everything which "went wrong" and had been required to do housework and perform services while her children were permitted to play; that discrimination had been used in the food given to

them as compared to that which she had given to her own children; and that in consequence of such treatment the children of the parties had expressed the desire not to resume such visits.

In the order denying such motion, the trial court stated:

"* * * It was made to appear that in violation of the Judgment herein the defendant married Delores Anderson on July 21, 1961 in the State of South Dakota. The fact that the defendant and Delores Anderson are now married does not change in any respect the basic reason for the original provision in the Judgment."

On appeal it is defendant's contention that it was "arbitrary" and in violation of his constitutional rights for the court to deny him the privilege of seeing his children in the presence of his "lawful wife"; and that in effect the order constituted "a servitude upon the second wife who has never been a party to the action and who has never been heard in court."

1. In awarding custody of minor children involved in divorce proceedings, their welfare is the controlling consideration. Wandersee v. Wandersee, 132 Minn. 321, 156 N. W. 348; Kaehler v. Kaehler, 219 Minn. 536, 18 N. W. (2d) 312. Under Minn. St. 518.17[1] and 518.18,[2] the trial court is vested with wide discretion in determining which parent shall be awarded such custody, with the welfare of the children in mind. Wicklem v. Wicklem, 229 Minn. 478, 40 N. W. (2d) 69. It is well settled that this court will not interfere with the disposition of this question by the trial court, except where it is clearly shown that it has abused its discretion. Locksted v. Locksted,

---

[1] § 518.17 provides: "Upon adjudging the nullity of a marriage, or a divorce or separation, the court may make such further order as it deems just and proper concerning the care, custody, and maintenance of the minor children of the parties and may determine with which of the parents they, or any of them, shall remain, having due regard to the age and sex of such children."

[2] § 518.18 provides: "The court may afterward, from time to time, on the petition of either parent, revise and alter such order concerning the care, custody, and maintenance of the children, or any of them, and make such new order concerning them, as the circumstances of the parents and the benefit of the children shall require."

208 Minn. 551, 295 N. W. 402. Likewise, it is well settled that the trial court is vested with the same discretion with respect to modification of a custody award, Mansfield v. Mansfield, 230 Minn. 574, 42 N. W. (2d) 315; Collins v. Collins, 221 Minn. 343, 22 N. W. (2d) 168, 23 N. W. (2d) 9; and again that this court will not interfere with the reasonable exercise of this discretion. Collins v. Collins, *supra.*

2. In determining questions relative to custody and visitation rights, the trial court may consider the wishes of the minor children involved, appraising their intelligence to determine the weight which should be given to their desires, Aske v. Aske, 233 Minn. 540, 47 N. W. (2d) 417; and in limiting visitation rights may give consideration to a parent's violation of its decree in the divorce proceedings, MacWhinney v. MacWhinney, 248 Minn. 303, 79 N. W. (2d) 683; and to the adequacy of the domicile to which a parent proposes to remove a child. Lammi v. Lammi, 244 Minn. 568, 70 N. W. (2d) 456.

3. Under the principles above set forth, we find nothing to warrant our interference with the court's action here in denying defendant's motion for amendment of the original decree which limited his visitation rights as above set forth. It is quite obvious from the facts recited in the affidavits submitted in opposition to this motion, none of which appear to have been denied, that the court determined it to be best for the children's welfare not to compel them to visit the defendant's present domicile where the situation could lead to unpleasantness and discord between them and the present Mrs. Bryant and her children, and in addition might possibly endanger their safety or physical well-being. Nor can we see that the court's action imposed any measure of involuntary servitude upon Delores Anderson Bryant as defendant asserts. No requirements or conditions are imposed upon her. It is the defendant's acts which are limited and restricted, and such limitations and restrictions, as indicated above, are imposed solely for the welfare of the children. It seems only reasonable not to subject either plaintiff or her children to any further worry or harassment in this regard.

Respondent is allowed $250 attorney's fees.

Affirmed.