PATRICIA VAN ZEE (SCHNACKENBERG)
v. ARLIN VAN ZEE.

226 N. W. 2d 865.

December 27, 1974—No. 44745.

*Harvey E. Skaar* and *Craig M. Mertz,* for appellant.

*Rainer L. Weis,* for respondent.

Heard before Rogosheske, Todd, and Yetka, JJ., and considered and decided by the court en banc.

YETKA, JUSTICE.

Appeal from an order of the Pope County District Court denying defendant's motion requesting visitation rights with his two minor children presently in the custody of plaintiff, his former spouse. We reverse.

The parties were married in 1963 and divorced in 1967 in Pope County District Court. The parties had two children as a result of said marriage, Connie, age 10, and Jason, age 8.

The divorce decree gave plaintiff wife custody of the children, and defendant was ordered to pay $100 per month in child support. There was no provision made in the judgment of divorce concerning visitation rights.

The defendant has not been able to see the children since the divorce, but he did make several attempts to do so. During the past three years defendant has sought access to the children through the Pope County Family Services Department.

Defendant has not made support payments in any significant amount from the date of the divorce until August 1972. Since then he has made the regular $100-per-month payment to the date of the hearing and, in addition, has paid $500 toward his arrearages.

In November 1972 defendant filed a motion in district court requesting relief determining the amount of his arrearages. He also sought to apply proceeds of approximately $2,500 in the form of an insurance claim against said arrearages. This insurance claim was originally decreed to plaintiff in the divorce decree. Defendant also sought a forgiveness of the balance of

arrearages or the establishing of a schedule for the payment of said arrearages, which, even with the amount of the insurance claim, would still amount to over $2,500.

He also requested visitation rights as follows: (a) Four days during Christmas vacation, including Christmas Eve and Christmas Day during odd-numbered years; (b) three weeks each summer; (c) third weekend each month.

Defendant did not actually initiate the motion until he became aware of the desire of Mr. Schnackenberg, plaintiff's present spouse, to either adopt the VanZee children or, in the alternative, change the name of the children to Schnackenberg.

Hearing on the motion was held on January 10, 1973, at which time plaintiff opposed any visitation rights for defendant and testified that the children consider her present husband their real father; that the granting of visitation rights to defendant would be an emotional hardship on the children; and that defendant's motion was not based upon a bona fide desire to see his children, but rather upon a desire to disrupt plaintiff's present domestic situation.

Subsequent to the hearing, the trial court requested a recommendation from the Pope County Family Service Department in respect to the advisability of granting visitation rights to defendant. The trial court again contacted the Pope County Family Service Department some 4 months later after having received no reply regarding the initial request for a recommendation on the visitation question. Thereafter counsel for defendant informed the court that the family service department had no record of the above-mentioned communications from the court. Thus, the court, some 7 months after the initial request, wrote a third letter to the family service department requesting a recommendation. Twelve days later the family service department filed a report with the court. This investigation apparently consisted of one interview with plaintiff and a "partial list of encounters Mr. VanZee [defendant] has had with law enforcement officials, furnished by the Pope County and Ottertail Coun-

ty Sheriff's Offices." The agency *did not contact defendant,* nor does it appear that the children were seen or interviewed.

The trial court, "[b]ased upon the evidence adduced at the hearing *and the report of the Family Service Division of Pope County,*" denied defendant's motion in all respects. The court in an accompanying memorandum stated as follows:

"Based upon all of the information that the Court has received regarding this situation it is the opinion of the Court that the best interests of the minor children would be best served if the defendant was not to have rights of visitation of said children. There has been a history of misconduct on the part of the defendant and his complete ignoring of his financial responsibility to support these children over a period of many years. It is the opinion of the Court that the defendant's request for visitation rights are based not so much on his love for the children but mainly upon his desire to aggravate the family situation in which the children now are being reared. In the event the defendant brings his support payments up-to-date and in addition demonstrates to the Court that he can conduct visitations of these children in a proper manner, this matter may be reconsidered by the Court."

The issues raised on this appeal are:

(1) Does the evidence justify the trial court's finding that defendant has a history of misconduct warranting a complete denial of visitation rights?

(2) Can a trial court completely deny a natural father the right to visit his minor children because of a history of arrearages in court-ordered support payments?

Defendant also mentions a third issue in his appeal, namely, whether the evidence justifies a finding that he was motivated mainly by a desire to aggravate the family situation in which the children are being raised. We do not think that the third issue needs much discussion since it is really decided by the first issue raised in this appeal, that is, whether the evidence is sufficient to deny all right of visitation.

We have held that a trial judge must make available to counsel for the parties any report from the welfare department or a court agency in regard to custody matters, and that such report may be used as a basis for cross-examination of those who have written the report. Stanford v. Stanford, 266 Minn. 250, 123 N. W. 2d 187 (1963); Lindberg v. Lindberg, 282 Minn. 536, 163 N. W. 2d 870 (1969); State ex rel. Fisher v. Devins, 294 Minn. 496, 200 N. W. 2d 28 (1973). Since the trial court did not make available the makers of the welfare report for purposes of cross-examination, and partially based his findings on that report, the case must be remanded for a new hearing.

We do not purport to be triers of fact and tell the trial court whether or where visitation should be granted. However, the trial court must have a rehearing to enable defendant's counsel to cross-examine any authors of the welfare board report, and to take whatever additional evidence he deems necessary to make a proper determination as to what is in the best interest of these minor children.

We feel further that it should be pointed out that arrearages in child support payments alone is not sufficient grounds for denial of visitation of a natural parent. The trial court should give the father an opportunity to make reasonable payments in addition to his regular monthly payments to pick up the arrearages. Depending on the parent's financial circumstances, this could either be in a lump sum or in installment payments. We do not hold that in every case visitation cannot be in any manner related to support payments. However, the evidence in the instant case compels the conclusion that the lower court, by requiring the payment of the entire amount of the support arrearages, in effect levied a fine upon the natural father, the payment of which was a condition precedent to the visitation of his children.

Reversed and remanded for rehearing in accordance with the considerations set forth in this opinion.