Sally GRIFFIN, n.k.a. Sally Owen, Petitioner, Respondent,

v.

Kerry VAN GRIFFIN, II, Appellant.

No. 48049.

Supreme Court of Minnesota.

June 23, 1978.

---

4. Defendant did not testify at the omnibus hearing.

5. Cf. *Watkins v. State*, 350 So.2d 1384, 1387 (Miss.1977).

Ellen Dresselhuis, Minneapolis, for appellant.

Michael F. Fetsch, St. Paul, for respondent.

Heard before ROGOSHESKE, YETKA, and WAHL, JJ., and considered and decided by the court en banc.

ROGOSHESKE, Justice.

Kerry Van Griffin II appeals from an order and judgment of the Hennepin County District Court, Family Court Division, denying him visitation rights with Kerry Van Griffin III, his then 9-year-old child, upon his motion to reestablish visitation rights granted under a 1972 divorce decree. We affirm the order and judgment of the family court and hold that, upon a review of the record submitted, there is adequate evidentiary support for the court's findings and determination that reestablishing the father's visitation rights will not serve the best interests of the child.

Kerry was born March 5, 1968. His father and mother were married May 4, 1968, separated October 1970, and divorced March 3, 1972. The divorce decree granted custody of Kerry to his mother "subject to reasonable visitation" by his father and ordered the father to pay $125 per month child support. No alimony was sought or ordered. It is undisputed that the father has not contributed to his son's support since the parents separated; that he did not tender nor make any child support payments required by the divorce decree until commencing these proceedings; and that he did not have any contact with his son for more than 4 years prior to the hearing on his motion. The child's mother, Sally Griffin, was remarried to Kendall Owen on February 25, 1974. Kerry has since lived with his mother, stepfather, and younger stepsister.

The father instituted these proceedings on July 23, 1976, about 6 months after the mother refused visitation. His motion sought to reestablish visitation with the aid of counseling by the Hennepin County Department of Court Services, to forgive payment of arrearages in child support, and to fix future child support payments. The mother responded by a countermotion to prevent the father from visiting or attempting to visit his son.

Following a visitation report from the department of court services dated Novem-

ber 1, 1976, an evidentiary hearing was held before a family court referee on February 18, 1977. The referee, finding that the father's visitation would not "injuriously" affect the child, recommended that visitation be reestablished on a limited basis and, accepting the father's offer at the hearing, ordered payment of all child support arrearages to be made by May 1, 1977. Pursuant to Minn.St. 484.65, subd. 9, the mother sought review of the referee's order by the family court judge. Following a hearing and review of the record made before the referee, the family court judge rejected the referee's findings and recommendation and ordered that the father "shall have no right to visit" and "no further obligation to pay child support." The family court order was based upon findings favorable to the mother's testimony, the essentials of which are: The father, without plausible explanation, has failed to visit the child since the fall of 1971; the father has not made child support payments, although financially able to do so; the stepfather is the only father the child remembers; the child does not desire visitation; and it is not "in the best interests" of the child to be required to visit with the father, who has not bothered to contact him and whose visitation is likely to disrupt the only family harmony and security the child has known.

▇ We believe our prior cases concerned with visitation by a noncustodial parent reflect the policy embodied in Minn.St. 518.-175 that visitation is to be regarded as a parental right essential to the continuance and maintenance of a child-to-parent relationship between the child and noncustodial parent, and that a denial of this right shall be based on persuasive evidence that visitation will not serve the best interests of the child. See, e. g., *Van Zee (Schnackenberg) v. Van Zee,* 302 Minn. 371, 226 N.W.2d 865 (1974); *Bryant v. Bryant,* 264 Minn. 509, 119 N.W.2d 714 (1963).

1. This rule has no application to a family court referee, whose recommended findings and order to the family court judge are advisory only.

▇ It is also well settled that factual findings by the trial court upon which such a determination is based may not be set aside unless clearly erroneous. Rule 52.01, Rules of Civil Procedure.[1] Based upon what we regard as a meager record in this case, we are persuaded that the evidence adequately supports the family court's findings and denial of visitation on grounds that visitation will not serve the best interests of the child. The father, whose burden it was to persuade the family court to reestablish visitation, fell far short of demonstrating that his prior inexcusable neglect had changed into a deep and abiding concern for his son's future welfare. Cf. *In re Petition of Wilson v. Barnet,* 275 Minn. 32, 144 N.W.2d 700 (1966) (upholding a complete termination of parental rights under Minn.St. 260.221[b][3] on similar facts). In contrast, the mother's testimony—acknowledging her doubts about the wisdom of resisting the father's resumption of visitation—is replete with her selfless concern for her son's welfare, especially if he were exposed to a repetition of the father's erratic pattern of concern and visitation following their separation in 1970. No purpose would be served in detailing other facts supporting our disposition of this appeal. The family court's order is not a permanent denial of the father's visitation rights as the court retains jurisdiction to modify the order under Minn.St. 518.18. Our affirmance of the order is similarly limited to this proceeding on this record.

Respondent is allowed $400 attorneys fees.

Affirmed.

*Peterson v. Peterson,* 308 Minn. 297, 242 N.W.2d 88 (1976).