In the Matter of the WELFARE OF J.G.W. and J.L.W.

No. C2–88–566.

Court of Appeals of Minnesota.

Sept. 27, 1988.

Review Granted Dec. 1, 1988.

John P. Guzik, Lawrence D. Olson & Assoc., St. Paul, for father, G.W.

Robert J. Hajek, Minneapolis, for mother, R.W.

Thomas L. Johnson, Hennepin Co. Atty., Mary Elizabeth Hannon, Asst. Co. Atty., Minneapolis, for respondent.

Heard, considered and decided by PARKER, P.J., and SCHUMACHER and IRVINE, JJ.*

## OPINION

PARKER, Judge.

The father appeals, contending that the trial court abused its discretion by requiring him "to cooperate * * * fully and completely" with the children's therapist, who required an admission of sexual abuse as a prerequisite to regaining visitation rights. The father contends that requiring such an admission would violate his fifth amendment right against self-incrimination. We agree and remand.

## FACTS

The parties were divorced in January 1985; Mrs. W. was granted custody of the parties' four minor children, and Mr. W. retained specific visitation rights. In July 1985 the trial court granted the St. Louis County Department of Social Services protective supervision of all four children and physical custody of the parties' youngest children, J.G.W. and J.L.W. During this period, both parents retained supervised visitation rights. After St. Louis County filed a dependency and neglect petition in juvenile court, the children were returned to the custody of their mother while their father's visitation rights were indefinitely suspended pending further court order, as he was believed to be sexually abusive to the children. Both parties were ordered to participate fully in programs that would be in the children's best interests.

In April 1987 venue for these proceedings was transferred to juvenile court in Hennepin County. In August 1987 the court granted the father's motion to compel the children's therapist (Ms. Mitnick) to cooperate with the father's therapist (Mr. Seals) in initiating visitation. In January 1988 the father moved for relief in Hennepin County Juvenile Court because of Ms. Mitnick's alleged refusal to comply with the order. Pertinent relief requested by him included an order holding the mother in contempt for failing to cooperate with Mr. Seals' efforts to initiate visitation, an order compelling the same cooperation from the children and Ms. Mitnick, and an order discharging Ms. Mitnick as the children's therapist because she required an admission of sexual abuse before recommending visitation rights for the father. Mr. W. has repeatedly denied any sexual abuse of his children; he has admitted tickling the children and sleeping with them on occasion.

The father contends that while he has attempted to comply with the order requiring him to participate in therapy, he has been effectively caught in a dilemma; the only way for him to regain contact with his children is first to admit having sexually abused them. In her professional opinion as a licensed psychologist and recognized expert in the areas of sexual abuse and visitation rights, Ms. Mitnick believes that recognition of one's own actions is a necessary first step in accomplishing effective therapy. The father is adamant in his denial of sexual abuse of his children.

## ISSUES

1. Did the trial court abuse its discretion by ordering the father to cooperate fully with the children's therapist, even though it will require him to admit to sexual abuse as a precondition of reestablishing visitation?

2. Did the trial court abuse its discretion by failing to remove the children's therapist?

## DISCUSSION

### I

The trial court has broad discretion in determining custody issues and visitation rights of parents. *Bryant v. Bryant*, 264 Minn. 509, 512–13, 119 N.W.2d 714, 716–17 (1963). The reviewing court will not over-

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

turn the trial court's decision unless it appears to be arbitrary. *Matter of Welfare of L.K.W.*, 372 N.W.2d 392, 397 (Minn.Ct. App.1985). Additionally, the trial court's findings of fact will be sustained unless they are clearly erroneous. Minn.R.Civ.P. 52.01. However, the trial court may be reversed if it improperly applies the law. *See Pikula v. Pikula*, 374 N.W.2d 705, 710 (Minn.1985).

In *Matter of Welfare of J.W.*, 415 N.W. 2d 879 (Minn.1987), the Minnesota Supreme Court examined the extent to which the protection of the fifth amendment privilege to refrain from making self-incriminating statements applies to parents of neglected children. The issues involved were strikingly similar to this case. The unexplained death of the parties' nephew, of whom the parties had custody, resulted in a treatment program for the custodians following a disposition hearing. Custody of their own children was given to the county pending the outcome of the hearing. The treatment plan required the parties to explain the circumstances surrounding their nephew's death before regaining custody of their children. They promptly invoked their constitutional right not to incriminate themselves. *Id.* at 880–81. The court resolved the matter by recognizing the constitutional limitation on such a requirement:

> The state may not penalize the parents for noncompliance with the court order impinging on their [fifth amendment] privilege * * *.

*Id.* at 883. In essence, the court found a violation of the fifth amendment and extended protection from self-incrimination to parties facing adverse consequences for failing to participate in therapy. *Id.* at 883.

Mr. W. also argues that *Lefkowitz v. Cunningham*, 431 U.S. 801, 97 S.Ct. 2132, 53 L.Ed.2d 1 (1977), is controlling. In *Lefkowitz* a statute which terminated officers of a political party and barred them from seeking political office for five years when they refused to testify concerning their own conduct after being subpoenaed was found to violate the fifth amendment. The court stated:

> Thus, when a state compels testimony by threatening to inflict potent sanctions unless the constitutional privilege is surrendered, that testimony is obtained in violation of the Fifth Amendment * * *.

*Id.* at 805, 97 S.Ct. at 2135.

By requiring an admission of sexual abuse as a precondition to reestablishing visitation, the state is unlawfully attempting to elicit Mr. W.'s testimony by threatening a sanction. The "potent sanction" of continued separation from one's children seems equal to or greater than the *Lefkowitz* sanction of job loss and a five-year bar from public office. The required admission of sexual abuse cannot be permitted.

We note that the Minnesota Supreme Court, in *Matter of Welfare of J.W.*, relied on the *Lefkowitz* decision. *Lefkowitz*, 415 N.W.2d at 883. We also find it helpful here. By approving of the therapist's mechanism of requiring admission of sexual abuse as a precondition of regaining visitation with his children, the trial court (and thus the state) has attempted to compel testimony in violation of the father's fifth amendment rights against self-incrimination. Thus, we hold that the portion of the trial court's order requiring the father to comply with the therapist's demand that he admit sexual abuse as a prerequisite to seeing his children must be stricken, and we remand for such action.

We are mindful of the character of the allegations made in this case. Sexual abuse of children is a heinous crime. But, unproved allegations of sexual abuse can also ruin a man or woman's life. We are eager to encourage effective therapy for parents and children, but we decline to do so when the therapy includes violation of the constitutional privilege against self-incrimination.[1]

## II

Mr. W. asserts that the trial court abused its discretion by refusing to remove

---

**1.** We note that if the prosecuting authorities were to give the father a limited-use immunity on the allegations of sexual abuse, the problems presented might be eliminated. *See Lefkowitz,* 431 U.S. at 809, 97 S.Ct. at 2137–38; *Matter of Welfare of J.W.,* 415 N.W.2d at 884.

the children's therapist from the case. He requests a replacement therapist who will not require him to make incriminating statements. However, the trial court found Ms. Mitnick to be competent. Further, the father has provided us with no other reason to justify a change of therapists. Accordingly, we find that the trial court has not otherwise abused its discretion in denying his motion for a change of therapists. Nevertheless, Ms. Mitnick must be precluded from requiring an admission of sexual abuse as a precondition to reestablishing visitation, unless a grant of immunity by the state resolves the conflict. In the event Ms. Mitnick feels unable to continue as therapist in light of our decision, she is free to withdraw and the trial court is free to replace her.

### DECISION

We hold that requiring an admission of sexual abuse as a precondition to reestablishing visitation rights violates appellant's fifth amendment right against self-incrimination. We remand to the trial court with instructions to delete from its court-ordered treatment plan provisions inconsistent with this opinion.

REMANDED.