In the Matter of the WELFARE OF J.G.W. and J.L.W.

No. C2–88–566.

Supreme Court of Minnesota.

Jan. 6, 1989.

Mary Elizabeth Hannon, Asst. Co. Atty., Minneapolis, for appellant.

John P. Guzik, St. Paul, for Father.

Robert J. Hajek, Minneapolis, for Mother.

AMDAHL, Chief Justice.

The court of appeals held in this case that the juvenile court abused its discretion to the extent that the court required G.W. to admit, as a pre-requisite to obtaining even closely supervised visitation with his children, that he had sexually abused the children. Stating that it was relying on our decision in *Matter of Welfare of J.W.*, 415 N.W.2d 879 (Minn.1987), the court of appeals ruled that the juvenile court's order violated G.W.'s fifth amendment privilege against compelled self-incrimination. The court of appeals remanded to the trial court for further proceedings. *Matter of Welfare of J.G.W.*, 429 N.W.2d 284 (Minn. App.1988). We granted the state's petition for review not because we disagreed with the court of appeals' ultimate decision remanding the case to the trial court but because we wanted to expand upon the court of appeals' analysis.

*Matter of Welfare of J.W.*, 415 N.W.2d 879 (Minn.1987), dealt with the self-incrimination issue in the context of a court-ordered treatment plan in a child dependency and neglect proceeding. The trial court in that case ordered the parents to obtain psychological evaluations and to explain the death of their 2-year-old nephew, who had been in their care, consistent with the medical findings. The parents, in the face of the threat of termination of parental rights, asserted their privilege against compelled self-incrimination. We held that the

trial court's order, to the extent it directly required the parties to incriminate themselves in order to avoid termination, violated the privilege and that their non-compliance with the trial court's order could not be used as grounds for termination or for keeping the children in foster care. 415 N.W.2d at 883. However, we also said that while the state could not directly compel the parents to incriminate themselves as part of the treatment plan, the state could require the parents to undergo treatment successfully and that the parents' failure to admit their guilt might as a practical matter make them fail in treatment. *Id.* As we put it, "[T]he risk of losing the children for failure to undergo meaningful therapy is neither a 'threat' nor a 'penalty' imposed by the state" but is "simply a consequence of the reality that it is unsafe for children to be with parents who are abusive and violent." 415 N.W.2d at 884.

The trial court's order in this case stated in one finding "[t]hat the Respondent father still refuses either to recognize or explain that he has committed sexual abuse upon the children and that failure to make such statements has prevented his engagement with any effective therapy to bring about visitation with his children." This seems to say simply that thus far therapy has been ineffective because the father has not acknowledged the sexual abuse. Under *J.W.* this finding, if we have interpreted the finding correctly, does not by itself violate the father's privilege. However, in the next finding the trial court stated "there has not been substantial compliance with the Case Plan by the father since he refuses to explain the sexual abuse upon the children." Further, the trial court ordered the father "to continue to cooperate with the other party's respective therapist fully and completely to re-initiate visitation between the father and the children." The court of appeals apparently interpreted these findings, read together, as directly requiring the father to explain his sexual abuse upon the children if he ever wants to visit them.

The court of appeals' decision is not incorrect but it emphasizes only the first part of our holding in *Matter of Welfare of J.W., supra,* that it is a violation of a parent's fifth amendment privilege to directly require the parent to admit guilt as a part of a court-ordered treatment plan. We granted review because we believe that the second part of our holding in *J.W.,* that the privilege does not protect the parent from the consequences of any failure to succeed in a court-ordered treatment plan merits equal emphasis.

As we said, we agree with the court of appeals' ultimate decision to remand the case to the trial court for further proceedings. On remand the trial court is free to clarify its order consistent with the principles expressed in this decision and expressed more fully in our decision in *J.W.*

AFFIRMED.